527 F.2d 605
 Jane DOE et al., Appellants,
v.
John H. POELKER, Mayor of the City of St. Louis, Missouri,
and R. Dean Wochner, M.D., Director of the Department of
Health and Hospitals and Acting Hospital Commissioner of the
City of St. Louis, Missouri, Appellees.
 No. 75--1648.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1975.
Decided Jan. 5, 1976.
 
 Frank Susman, St. Louis, Mo., for appellants.
 Eugene P. Freeman, Deputy City Counselor, St. Louis, Mo., for appellees.
 Before HEANEY, WEBSTER and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 On June 2, 1975 a panel of this court filed an amended opinion holding that the plaintiffs in this civil rights case, which was prosecuted as a class action, were entitled to declaratory and injunctive relief. In addition, the court determined that notwithstanding the holding of the Supreme Court in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), plaintiffs were entitled to an award of an attorney's fee against the defendant, John H. Poelker, Mayor of the City of St. Louis, Missouri. This court fixed a fee of $3500.00 as compensation for the services of plaintiffs' counsel at the appellate level, and remanded the case to the district court with directions to fix a fee for the services of counsel in that court. Doe v. Poelker, 515 F.2d 541 (8th Cir. 1975).[1]
 
 
 2
 With specific regard to the attorney's fee to be awarded the court said (515 F.2d at 548):
 
 
 3
 . . . On remand the district court is directed to determine attorneys' fees and to award them to Doe, together with court costs, against the defendant Poelker for that portion of the case carried on in that court. This should be a fair award based on the guidelines listed in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717--719 (5th Cir. 1974).[2]
 
 
 4
 Pursuant to the mandate of this court, the district court held an evidentiary hearing. It found that $9317.50 would be a reasonable fee for the district court services of plaintiffs' counsel, but on the basis of a statement appearing in the opinion in the Johnson case, supra, the district court concluded that no fee should be allowed since the plaintiffs were not contractually obligated to pay any fee, fixed or contingent, to their attorney. An order denying plaintiffs' application for a fee was entered. Plaintiffs appeal.
 
 
 5
 Johnson was an individual and class action brought ultimately by two Negroes under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; they claimed racial discrimination in employment and sought back pay and injunctive relief. The defendant initially objected to the maintenance of the action as a class suit and also demanded a jury trial on the legal issues presented by the complaint. The district court upheld the defendant on both points. Johnson v. Georgia Highway Express, Inc., 47 F.R.D. 327 (N.D.Ga. 1968). The Court of Appeals for the Fifth Circuit reversed. Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969). Thereafter, the case was tried on the merits, and the plaintiffs prevailed. They were represented throughout by practicing Georgia lawyers, some of whom at least were connected with the NAACP, and by a New York lawyer also associated with the organization just mentioned. The district court allowed the plaintiffs a substantial attorneys' fee which plaintiffs deemed insufficient, and they appealed.
 
 
 6
 The court of appeals was of the opinion that the district court had not spelled out with sufficient clarity the factors which it took into consideration in fixing the fee and remanded the case for reconsideration in the light of twelve specific factors which the appellate court mentioned.
 
 
 7
 One of those factors was whether counsel were representing the plaintiffs on a contingent rather than a fixed fee basis if, in fact, the parties had made any agreement as to a fee. After quoting from Clark v. American Marine Corp., 320 F.Supp. 709, 711 (E.D.La. 1970), aff'd 437 F.2d 959 (5th Cir. 1971), the court said (488 F.2d at 718):
 
 
 8
 . . . In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount.
 
 
 9
 On the basis of that language the district court reasoned in the instant case that the obligation of a losing defendant to pay a judicially imposed attorney's fee to a successful plaintiff does not exceed in amount the fee that the plaintiff would be obligated contractually to pay to his lawyer in the absence of any judicial award, and that where the plaintiff's contractual obligation to his lawyer is zero, the defendant's obligation with respect to the court imposed fee is also zero.
 
 
 10
 We do not think that the language from Johnson, quoted above, when read in context and in connection with the opinion of the district court in Clark v. American Marine Corp., supra, is fairly susceptible to the construction that the court below evidently placed upon it.
 
 
 11
 The district court wisely entered his evidentiary findings with respect to a reasonable fee notwithstanding his conclusion that such fees could not be awarded. We accept the district court's determination that in the light of the Johnson factors the sum of $9317.50 would be a reasonable fee for the services of plaintiff's counsel in the district court, and we remand the case with directions to the district court to enter an order awarding that amount against the defendant Poelker.
 
 
 12
 Counsel for plaintiffs asks that we award an additional fee for his services in connection with this appeal. We decline to do so.
 
 
 13
 Reversed and remanded.
 
 
 
 [1]
 See also Doe v. Poelker, 497 F.2d 1063 (8th Cir. 1974)
 
 
 [2]
 Senior Circuit Judge Van Oosterhout, a member of the panel, dissented from so much of the holding as allowed an attorney's fee at either the appellate or the district court level without a prior finding of bad faith by the district court