**FLEET INVESTMENT CO., INC., Plaintiff,**

v.

**Stanley ROGERS, Defendant.**

**No. CIV–77–0726–D.**

United States District Court, W. D. Oklahoma.

Sept. 11, 1980.

See also, 10 Cir., 620 F.2d 792.

Gene A. Castleberry, Mary Kathleen Rhodes, Franklin Jay Kivel, Oklahoma City, Okl., William G. Jenkins, Seattle, Wash., for plaintiff.

John McKee, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff Fleet Investment Company brought this action against Defendant Stanley Rogers for odometer fraud under provisions of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991 (Act). This case was tried to a jury and a verdict in favor of Plaintiff for $850.50 was returned on March 24, 1978. In accordance with 15 U.S.C. § 1989(a), the Court on April 20, 1978 entered a judgment that Plaintiff was to recover damages from Defendant in an amount equal to three times the jury award, or $2,551.50, plus interest and attorney's fees of $5,000.00. Defendant appealed said award to the Tenth Circuit Court of Appeals, which affirmed the judgment of this Court. Plaintiff has now filed a Motion for Relief from Judgment under Rule 60(b)(6), Federal Rules of Civil Procedure.[1] Said Motion is supported by a Brief and Reply Brief. Defendant has filed a Response Brief in opposition thereto. An evidentiary hearing was held in connection with the instant application on August 20, 1980.

Plaintiff seeks, by its Motion, an award of additional attorney's fees for legal services rendered in its behalf subsequent to the entry of judgment and during the Defendant's appeal. Plaintiff also seeks clarification of the form of judgment herein to reflect that interest properly accrues on the entire judgment including costs and attorney's fees.

Subsequent to the entry of judgment in the instant action Plaintiff's attorney filed a "Motion for Judgment Notwithstanding Verdict" and expended 29.5 hours for which he requests $20.00 per hour; prepared and filed a Bill of Costs and filed a Motion to Review Taxation of Costs expending 15.6 hours for which he seeks $30.00 per hour; defended against Defendant's appeal to the Tenth Circuit expending 52.4 hours for which he seeks $40.00 per hour; and prepared and filed the instant Application for additional attorney fees and interest expending 15.3 hours for which he seeks $30.00 per hour. Plaintiff contends that it is entitled to additional attorney's fees to pay for the legal services set out above which total $3613.00 which Plaintiff has rounded down to $3600.00.

Congress specifically provided that any person found to be violating the odometer requirement provisions of the Act would be

---

1. Defendant contends that Plaintiff's application is improperly brought under Rule 60, *supra*. However, attorney's fees for work performed after judgment and on appeal are allowable by reason of 15 U.S.C. § 1989(a), which provides for reasonable attorney fees to a successful litigant. *See generally Perkins v. Standard Oil Company of California*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970) (per curiam) (Construing Clayton Act, 15 U.S.C. § 15, which has a similar attorney fees provision). The Court will treat the instant action as an application for additional attorney fees pursuant to 15 U.S.C. § 1989(a).

liable for "the costs of the action together with reasonable attorney fees as determined by the Court." 15 U.S.C. § 1989(a)(2). It would be inconsistent with the intent of Congress, in providing for an attorney fee, to dilute a fee award by refusing to compensate an attorney for the time reasonably spent establishing his rightful claim to a fee or on appellate work defending a judgment. *See generally Lund v. Affleck*, 587 F.2d 75 (First Cir. 1978); *Prandini v. National Tea Co.*, 585 F.2d 47 (Third Cir. 1978). Additional fees for services rendered on appeal may be allowed in the discretion of the Court. *See Prandini v. National Tea Co., supra; McGowan v. King, Inc.*, 569 F.2d 845 (Fifth Cir. 1978); *Doe v. Poelker*, 527 F.2d 605 (Eighth Cir. 1976); *T. F. Scholes, Inc. v. United States*, 295 F.2d 366 (Tenth Cir. 1961).

■ Defendant concedes that attorney's fees may be awarded for services rendered during an appeal. However, Defendant contends that this Court is without authority to entertain any petition for attorney's fees incurred in an appeal as the same should be left to the Court of Appeals. *See Skeoch v. Ottley*, 278 F.Supp. 314 (D.C.V.I. 1968). The better view appears to be that the District Court has the power and is the proper forum in which to determine reasonable attorney fees for services performed on an appeal. *Perkins v. Standard Oil Company of California*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970) (per curiam); *Souza v. Southworth*, 564 F.2d 609 (First Cir. 1977); *Panior v. Iberville Parish School Board*, 543 F.2d 1117 (Fifth Cir. 1976). In the *Perkins* case the Supreme Court stated: "Our failure to make explicit mention in the mandate of attorney's fees simply left the matter open for consideration by the District Court to which the mandate was directed." 399 U.S. at 223, 90 S.Ct. at 1990.

■ At the evidentiary hearing herein, Plaintiff presented evidence in support of the $3600.00 additional attorney fee claimed. Plaintiff further contended that its Motion for Judgment Notwithstanding Verdict was made in good faith although Plaintiff was not successful on that point.

Rex Travis (Travis) testified as an expert witness for Plaintiff in trial litigation. Travis stated that a reasonable attorney fee for the work performed by Plaintiff's attorney after judgment would be $6,250.00. Defendant presented no rebuttal evidence to Plaintiff's evidence of a reasonable attorney fee. Therefore, in view of the foregoing and after a full consideration of the pertinent factors in setting a reasonable attorney's fee as set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (Fifth Cir. 1974), and after consideration of the evidence presented by the parties at the hearing on attorney's fees, the Court finds that a reasonable attorney's fee for the work performed subsequent to judgment herein is in the amount of $3,600.00. This fee is based on the nature of this litigation, the presence of some complex features in the case, the amount involved, the time required of Plaintiff's counsel, the skill required and possessed by Plaintiff's counsel, the result obtained for Plaintiff and a reasonable hourly rate considered customary in this community in a case of this kind.

■ Plaintiff's second contention is that the judgment should be clarified to show interest is owed on the original judgment to include the attorney fees and costs from the date of such judgment.

The language of 28 U.S.C. § 1961 is mandatory: "Interest *shall* be allowed on any money judgment in a civil case recovered in a district court." (emphasis added). Attorney fees awards are considered part of the judgment, and under 28 U.S.C. § 1961, interest should be allowed on such fees. *See Perkins v. Standard Oil Company of California*, 487 F.2d 672 (Ninth Cir. 1973); *Premier Corporation v. Serrano*, 471 F.Supp. 444 (S.D.Fla.1979); *McPherson v. School District # 186*, 465 F.Supp. 749 (S.D.Ill. 1978). Therefore, it is unnecessary to clarify the Judgment entered in the instant case.

Accordingly, Plaintiff's application for additional attorney fees should be granted and Plaintiff is entitled to additional attorney fees for work performed after judgment and on appeal in the amount of $3600.00.

Such amount is therefore fixed by the Court as a reasonable attorney's fee to be recovered herein by Plaintiff against Defendant.

IT IS SO ORDERED.