Nazareth GATES et al.,
Plaintiffs–Appellees,

v.

John COLLIER, Superintendent of the
Mississippi State Penitentiary, et al.,
Defendants–Appellants.

No. 79–1844.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1981.

Rehearing En Banc Denied
March 26, 1981.

See 641 F.2d 403.

P. Roger Googe, Jr., Peter M. Stockett,
Jr., Asst. Attys. Gen., Jackson, Miss., for
defendants–appellants.

Carmack M. Blackmon, Asst. Atty. Gen.,
Dept. of Justice, Baton Rouge, La., for ami-
cus curiae State of Louisiana.

Lawyers Committee for Civil Rights Un-
der Law, Frank R. Parker, Jackson, Miss.,
for Gates et al.

Stephen P. Berzon, San Francisco, Cal.,
for amicus curiae.

ON APPELLEES' PETITION FOR
REHEARING BEFORE
THE PANEL

Before BROWN, HILL and RANDALL,
Circuit Judges.

PER CURIAM:

The majority, for reasons set forth in
Judge Hill's dissent,[1] is now convinced that
it was in error in distinguishing between

---

1. "Although I am of the opinion that *Carpa*
[*Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316
(5th Cir.)] prevents the awarding of interest on
out–of–pocket expenses, I must dissent from
the majority's holding disallowing interest on
those costs." 616 F.2d 1268, 1280 (5th Cir.
1980).

"The question whether interest should be
awarded on out–of–pocket costs is disposed of
by the majority all too easily. . . . 'firmly estab-
lished in our jurisprudence' is the principle that
such costs do not bear interest. . . . simply do
not support that statement. There is nothing
in any of those opinions to the effect that some
costs are interest bearing while others are not."
616 F.2d at 1282.

. . . "There is nothing to suggest that Con-
gress considered attorneys' fees more impor-
tant or less important than other litigation ex-
penses. . . . there is more reason to allow inter-
est on out–of–pocket expenses than on attor-
neys' fees." 616 F.2d at 1282.
. . . "Were I not of the opinion that *Carpa*
prevents us from allowing interest on any part
of costs, I would not hesitate to hold that these
plaintiffs should have interest on their out–of–
pocket costs." 616 F.2d at 1282–83.
. . . "As noted above, most federal courts
have found no barrier to awarding interest on
costs." 616 F.2d at 1283.

so-called out of pocket costs, on the one hand, and attorney's fees on the other.[2]

The result is that, while the Court remains divided on whether *Carpa* has to be overruled[3] to permit interest on attorneys fees all are in agreement that out of pocket costs and attorneys' fees, now including all court costs, are to be treated alike with respect to interest.

Appellees' Petition for Rehearing by the panel is accordingly granted.

---

2. See p. 1279 and n.17.

3. This issue is the subject of appellants' Petition for Rehearing En Banc now pending before the full Court.