Nazareth GATES et al.,
Plaintiffs-Appellees,

v.

John COLLIER, Superintendent of the
Mississippi State Penitentiary et al.,
Defendants-Appellants.

No. 79-1844.

United States Court of Appeals,
Fifth Circuit.

March 26, 1981.

P. Roger Googe, Jr., Peter M. Stockett, Jr., Asst. Attys. Gen., A. F. Summer, Atty. Gen., Jackson, Miss., for defendants-appellants.

Carmack M. Blackmon, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, La., amicus curiae, for State of Louisiana.

Frank R. Parker, Lawyers Committee for Civil Rights Under Law, Jackson, Miss., for Gates et al.

Stephen P. Berzon, San Francisco, Cal., for amicus curiae.

ON PETITION FOR REHEARING
EN BANC

(Opinion May 14, 1980, 5 Cir., 1980,
616 F.2d 1268).

Before BROWN, HILL and RANDALL, Circuit Judges.

PER CURIAM:

A member of the Court in active service having requested a poll on the reconsideration of this cause En Banc, and a majority of the Judges in active service not having voted in favor of it, the rehearing En Banc, is DENIED.

JAMES C. HILL, Circuit Judge, with whom AINSWORTH, TJOFLAT, FAY, HENDERSON and POLITZ, JJ., join dissenting from denial of Petition for Rehearing En Banc:

I must dissent from the failure of the court to rehear this case en banc.

Without full court action, one panel has reached a desirable result; it has done so in defiance of a prior panel holding; and our court now has, outstanding, one case holding that costs awarded in litigated cases *do not bear interest, Carpa, Inc. v. Ward's Foods, Inc.*, 5th Cir., 567 F.2d 1316, and this case holding that all costs (including attorneys' fees) *do bear interest.* Each case appears to state the law of the Fifth Circuit on this important issue. District judges and counsel may, presumably, take their pick according to their inclinations and advocacy aims in cases yet to arise.

This should not have come about. A brief review of how it came about may be appropriate.

On May 14, 1980, the court, acting through a panel, decided *Gates v. Collier,* 5th Cir., 616 F.2d 1268. In that opinion, two judges held that, while interest *could not be awarded* on "out of pocket" costs, that part of costs consisting of attorneys' fees should bear interest. The majority recognized, then, that to authorize an award of interest on attorneys' fees (defined as costs) they had to be split off from other costs, because " . . . the view that out-of-pocket costs . . . do not bear interest appears firmly established in our jurisprudence . . . ." citing, inter alia, *Carpa (Gates v. Collier,* 5th Cir., 616 F.2d at 1279, n.17).

I respectfully dissented. I felt then that we could not, and ought not, distinguish between "out of pocket" costs and those represented by attorneys' fees. I said, "I wholeheartedly join with the majority in the feeling that the law ought to permit these plaintiffs to recover interest on the attorneys' fees awarded so long ago . . . ." 616 F.2d at 1280. Indeed, I felt that *all* costs should bear interest, observing, "Were I not of the opinion that *Carpa* prevents us from allowing interest on any part of costs, I would not hesitate to hold that these plaintiffs should have interest on their out-of-pocket costs." *Id.* at 1282–83. Finally, I wrote, "The issue of interest on costs should

be presented to the entire court on a proposal that it be considered *en banc.*"

At that point, all on the panel agreed that interest could not be awarded on costs qua costs. The majority had held that, only because attorneys' fees could be severed from other costs and treated separately, interest could be awarded on that portion of costs.

Then, on January 7, 1981, the panel majority produced an opinion on rehearing before the panel. It receded from the view that costs represented by attorneys' fees could be severed from other costs. "The majority ... is now convinced that it was in error in distinguishing between so-called out of pocket costs, on the one hand, and attorneys fees on the other." *Gates v. Collier,* 636 F.2d 942 (5th Cir., 1981). Then, ignoring its earlier observation that it is firmly established in our jurisdiction that out-of-pocket costs do not bear interest, it concludes that, *Carpa* to the contrary notwithstanding, all costs now bear interest.

Then, the court voted not to take the case *en banc!* Thus the entire court has declined to consider overruling *Carpa* and has declined to rehear this case, leaving both as the conflicting law of the Fifth Circuit.

So much for *stare decisis.*

I dissent.