PER CURIAM:
 

 Having reconsidered this case en banc, we now hold that the award to a victorious plaintiff of both attorneys’ fees and costs is to bear interest from the date a judgment is rendered making the award.
 
 [1]
 

 Accord, Perkins v. Standard Oil Co. of California,
 
 487 F.2d 672 (9th Cir.1973);
 
 Independence Tube Corp. v. Copperweld Corp.,
 
 543 F.Supp. 706 (N.D.Ill.1982). This is consistent with the result we reached in
 
 Gates v. Collier,
 
 636 F.2d 942 (5th Cir.1981) (per curiam),
 
 reh’g en banc denied,
 
 641 F.2d 403 (1981) (per curiam) (Hill, J., dissenting), in which we held that the Civil Rights Attorney’s Fees Awards Act, 42 U.S.C. § 1988 (1976), allows interest on costs and attorneys’ fees awards. We overrule
 
 Carpa, Inc. v. Ward Foods,
 
 567 F.2d 1316 (5th Cir.1978), in which we held that interest may not be allowed on attorneys’ fees awarded under the Clayton Act, 15 U.S.C. § 15 (1976).
 

 Harold Letcher, the owner and operator of a retail liquor store in Brownsville, Texas, brought this antitrust action against the Adolph Coors Company because the local Coors distributor refused to sell him Coors beer. The jury found Coors liable under the Sherman Act, 15 U.S.C. § 1 (1976), but, on Coors’s appeal, we remanded the case for reconsideration of the damages and attorneys’ fees award.
 
 Copper Liquor, Inc. v. Adolph Coors Co.,
 
 506 F.2d 934 (5th Cir. 1975). The case was retried, and the district court entered a judgment for damages and attorneys’ fees on July 31, 1978. Both parties appealed, and we again remanded for reconsideration of the attorneys’ fees award.
 
 Copper Liquor, Inc. v. Adolph Coors Co.,
 
 624 F.2d 575 (5th Cir.1980). The
 
 *544
 
 district court’s amended judgment of June 29,1981 awarded the plaintiffs, Robert Earl Basham, Jr., H.A. Anthony, and Willis Ray Loving, executors of Letcher’s estate, $266,-466.43 in attorneys’ fees as part of the costs of the action. The court also assessed all costs against the defendants. Considering itself bound by
 
 Carpa,
 
 the court declined to award post-judgment interest on attorneys’ fees or costs. The plaintiffs now argue that
 
 Carpa
 
 should be overruled and interest allowed on the attorneys’ fees and costs awards.
 

 In reaching our decision in
 
 Carpa,
 
 we were mindful of the traditional practice of not awarding interest on costs. We commented that neither we nor the appellees had uncovered a federal precedent awarding interest on costs, and we did not discern in the Clayton Act’s authorization of attorneys’ fees as part of costs an indication of congressional intention “to reverse the traditional practice of not awarding interest on court costs.”
 
 Carpa,
 
 567 F.2d at 1322. We noted, however, that our holding implied nothing about the propriety of awarding interest on attorneys’ fees authorized by other statutes whose language and history evinced a different congressional intent.
 
 Id.
 
 at 1323.
 
 [2]
 
 Our rationale was limited to the situation when the statute authorizing attorneys’ fees awards denominated them as a part of costs.
 
 Id.
 
 at 1321. As an en banc court, we reject the distinction made in
 
 Carpa.
 

 The historical rule that costs do not bear interest, like many court rules, antedates the modern practice of applying economic and business principles to judicial administration. That ancient rule reflects, too, an awareness of the administrative inconvenience to the courts in providing for interest on a sum of money that is often undetermined at the close of the litigation and that may remain undetermined for a substantial period. It developed at a time when interest rates were not so high nor costs so large as both now are, and when, therefore, the net effect of disallowance was smaller.
 

 We are now convinced that allowing interest on attorneys’ fees and costs would better serve the purpose of awarding these expenses to the prevailing party since it would more nearly compensate the victor for the expenses of the litigation. As we stated in
 
 Gates v. Collier,
 
 616 F.2d at 1276, “[T]he awarding of interest is in no sense a windfall. Because a dollar today is worth more than a dollar in the future, ‘the only way [a party] can be made whole is to award him interest from the time he should have received the money.’ ” (Citation omitted). We see no reason to differentiate attorneys’ fees awards from out-of-pocket costs or to classify them as costs of a special kind. If attorneys’ fees are a part of costs, they will bear interest as costs. If they are a part of the judgment, they will bear the interest that accompanies a judgment on the merits. It becomes unnecessary, then, to determine whether or not the governing statute treats attorneys’ fees as a part of costs.
 

 The rule we adopt will not impede administration. It does not require additional court hearings. The computation is simple.
 
 [3]
 

 The relevant judgment for purposes of determining when interest begins to run is the judgment establishing the right to fees or costs, as the case may be. If costs are allowed without express mention in the judgment,
 
 see
 
 Fed.R.Civ.P. 54(d), the date of the judgment starts the accrual of interest on the costs due. If, as in the usual
 
 *545
 
 course, the amount of costs is later determined by the clerk, interest will nonetheless run from the date of the judgment allowing costs either expressly or by legal implication. If a judgment is rendered that does not mention the right to attorneys’ fees, and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of judgment. If, however, judgment is rendered without mention of attorneys’ fees, and the allowance of fees is within the discretion of the court, interest will accrue only from the date the court recognizes the right to such fees in a judgment.
 

 If a judgment for attorneys’ fees or costs is later modified by the district court or an appellate court, whether the award is increased or reduced, interest on the revised award will run from the date of the original judgment unless, of course, the allowance of any amount is reversed.
 
 Perkins v. Standard Oil Co. of California,
 
 487 F.2d at 676;
 
 Premier Corp. v. Serrano,
 
 471 F.Supp. 444 (S.D.Fla.1979). As the Ninth Circuit observed, interest properly accrues from the date of the initial judgment “because that is the date on which the correct judgment should have been entered.”
 
 Perkins
 
 v.
 
 Standard Oil Co. of California,
 
 487 F.2d at 676.
 

 In the present case, the plaintiffs urge only that interest on attorneys’ fees for work performed before July 31,1978 be allowed from that date, because the original judgment awarding attorneys’ fees was then rendered, and that interest on attorneys’ fees for subsequent work be allowed from June 29, 1981, the date of the district court’s amended judgment. The rule we adopt validates that contention. Accordingly, the portion of the June 29, 1981 award of attorneys’ fees and costs that represents a revision of the July 31, 1978 award bears interest from the date of the original judgment. The remainder of the June 29, 1981 award bears interest from that date.
 

 For these reasons, the case is REMANDED to the district court with instructions to award interest on attorneys’ fees and costs for litigation up to and including July 31, 1978 from that date, until paid, and to award interest on attorneys’ fees and costs accumulated thereafter from June 29, 1981, the date of the amended judgment, until paid. In all other respects, the opinion of the panel, reported at 684 F.2d 1087, is reinstated.
 

 [1]
 

 . 28 U.S.C. § 1961 (1976) reads in relevant part: “Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of entry of the judgment....” According to the provisions of the Federal Court Improvement Act of 1982, P.L. 97-164, 96 Stat. 55, effective October 1, 1982, amending 28 U.S.C. § 1961 (1976), the rate of interest will be “equal to the coupon issue yield equivalent of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of judgment.” The Treasury Department certifies the governing rate to the Administrative Office of the United States Courts after each auction.
 

 [2]
 

 . We also noted that the congressional authorization of treble damages in antitrust suits sufficiently facilitated the hiring of legal services and encouraged attorneys to accept antitrust cases on a contingent basis. Therefore, “we s[aw] no basis for stretching the applicable statutory language to provide interest on the award of attorneys’ fees."
 
 Carpa,
 
 567 F.2d at 1322-23 & n. 5.
 

 [3]
 

 . It would be difficult to determine interest from the date each of the many expenses denominated costs is incurred and from the date each service included in attorneys’ fees is rendered. These and other administrative considerations persuade us that the new rule should not extend to the allowance of interest prior to the time of the judgment recognizing the right to costs and fees. By the time judgment is rendered, all of these will have been incurred.