**DEVEX CORPORATION, et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**Civ. A. No. 3058 CMW.**

United States District Court, D. Delaware.

Dec. 1, 1983.

Robert K. Payson of Potter, Anderson & Corroon, Wilmington, Del., for plaintiffs; Sidney Bender and Aaron Lewittes of Leventritt, Lewittes & Bender of Garden City, N.Y., of counsel.

Arthur G. Connolly and Arthur G. Connolly, Jr. of Connolly, Bove, Lodge & Hutz, Wilmington, Del., for defendant; George E. Frost of Barnes, Kisselle, Raisch, Choate, Whittemore & Hulbert, Birmingham, Mich., for defendant.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

On October 6, 1980, this Court entered its Final Judgment in this long and complex

patent infringement action. That Final Judgment provided, *inter alia*, that defendant General Motors Corporation (hereinafter "General Motors") pay to plaintiffs the "costs" of the action. All aspects of the Court's October 6, 1980 Order were affirmed on appeal.[1] *See Devex Corp. v. General Motors Corp.*, 667 F.2d 347 (3d Cir.1981), *aff'd.*, —— U.S. ——, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983). Plaintiffs submitted their Bill of Costs on September 2, 1983 requesting $290,409.30. Subsequently, the parties agreed to a compromise payment of $161,960.07 by General Motors in satisfaction of the requested costs.[2] However, the parties could not agree upon whether plaintiffs are entitled to postjudgment interest on the agreed costs.

Plaintiffs have filed a Motion for an Award of Postjudgment Interest. Plaintiffs contend that they are entitled to postjudgment interest on the award of costs for the period from October 6, 1980, the date of the Judgment, to July 7, 1983, ten days after the return of the Final Mandate. Because the Court, in its Opinion of August 22, 1983, has fixed the applicable postjudgment interest rate at 16%,[3] and because the agreed costs are $161,960.07, the amount of postjudgment interest on costs for the period mentioned above would be $71,-262.43. For the reasons discussed below, the Court grants plaintiffs' Motion and awards $71,262.43 in postjudgment interest on costs.

A. *28 U.S.C. § 1961 Mandates The Award Of Interest On Costs Because Costs Are Part Of The Judgment Referred To In § 1961.*

▮ 28 U.S.C. § 1961 (1982) provides in relevant part that, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Under the provisions of § 1961, the allowance of interest on a district court judgment is mandatory. *Perkins v. Standard Oil Co.*, 487 F.2d 672, 674 (9th Cir.1973). Plaintiffs contend that costs are part of the judgment referred to in § 1961 and, therefore, an award of interest on costs is mandatory. Defendant contends that no case has explicitly held that costs are part of the "money judgment" upon which interest is mandatory under § 1961 and, therefore, the traditional rule against awarding interest on costs should apply.

There appear to be no cases that directly address the question of whether costs are to be considered a part of the judgment for purposes of § 1961. Nevertheless, the Court believes that costs are part of the judgment upon which interest is mandatory. The language of the judgment, the action of the appellate courts in this case in affirming the award of costs as part of the judgment, and relevant case law all support the view that costs are part of the judgment.

The Final Judgment of October 6, 1980 ordered in relevant part:

    5. Defendant G.M. Corporation shall pay to Plaintiffs:

    (i) $8,913,945.50 plus prejudgment interest....;

    (ii) plus postjudgment interest....;

    (iii) with costs.

Under the above language, the award of costs is as much a part of the judgment as the award of a reasonable royalty, prejudgment interest, and postjudgment interest. "'Costs' refer to those charges that one party has incurred and is permitted to have

---

**1.** Because General Motors appealed from the Judgment, the date for taxing costs was deferred to a date "within ten (10) days after the issuance of the mandate of the appellate court." Rule 6.1A(1) of the Local Rules of Civil Practice for the United States District Court for the District of Delaware. After the Supreme Court's decision, the parties agreed to extend the time in which plaintiffs could submit their Bill of Costs beyond the ten days provided for by local rule. *See* Stipulation and Order entered on August 11,

1983 (Dkt. No. 707). However, plaintiffs only seek interest on costs for the period of time from the date of this Court's Judgment until ten days after the return of the Final Mandate by the Supreme Court.

**2.** *See* Stipulation and Order entered on October 11, 1983 (Dkt. No. 732).

**3.** *See Devex Corp. v. General Motors Corp.*, 569 F.Supp. 1354, 1367 (D.Del.1983).

reimbursed by his opponent *as part of the judgment* in the action." 10 Wright & Miller, Federal Practice and Procedure, § 2666 (1983) (emphasis added). The fact that the taxation of costs in this case took place well after the entry of judgment does not alter the fact that the award of costs was part of the judgment. The amount of postjudgment interest was not computed until after the Court's Opinion on Postjudgment Interest was entered on August 22, 1983,[4] yet the award of postjudgment interest was a part of the October 6, 1980 Judgment. Moreover, the fact that § 1961 does not specifically mention costs does not mean that costs should not be part of the judgment; § 1961 does not specifically mention the award of a reasonable royalty and prejudgment interest, yet interest is mandated by § 1961 on these other components. In short, the inclusion of an award of costs in the judgment suggests that costs are a part of the judgment upon which interest is mandatory under § 1961.

This conclusion is supported by the treatment given the issue of costs by the Court of Appeals and the Supreme Court in this case. The Third Circuit, in affirming the judgment, explicitly affirmed the award of costs and thus implicitly treated the award of costs as part of the judgment. *See Devex Corp. v. General Motors Corp., supra,* 667 F.2d at 335, n. 20 ("we affirm the award of costs."). The Supreme Court, in affirming the judgment, noted that the Third Circuit had affirmed the award of costs and that the parties did not raise the issue of costs before the Supreme Court. *See Devex, supra,* 103 S.Ct. at 2063, n. 12. Thus, both courts treated the award of costs as part of the judgment from which General Motors appealed.

The conclusion that costs are part of the judgment is also supported by the cases interpreting 28 U.S.C. § 1961. In *Perkins v. Standard Oil Co., supra,* the Ninth Circuit held that an attorney's fee award was part of the judgment for purposes of § 1961 and, therefore, interest on the fee award was mandatory. In that case, the

Court stated, "[o]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed." *Id.* at 675. This rationale clearly applies to costs as well as attorneys' fees; both can be elements of a judgment and, thus, bear interest under § 1961.

Other cases have held that attorneys' fees are to be considered a part of the judgment upon which interest is mandatory under § 1961. *See Preston v. Thompson,* 565 F.Supp. 294, 298–300 (N.D.Ill.1983) (interest on attorney's fee award under 42 U.S.C. § 1988 is mandatory under 28 U.S.C. § 1961); *Fleet Investment Co. v. Rogers,* 505 F.Supp. 522, 524 (W.D.Okla.1980) (interest on attorney's fee award is mandatory under 28 U.S.C. § 1961). If attorneys' fees are part of the judgment upon which interest is mandatory under § 1961, costs should also be treated as part of the judgment. Attorneys' fees have traditionally been treated as a form of litigation costs, *see Hutto v. Finney,* 437 U.S. 678, 695–98, 98 S.Ct. 2565, 2576–77, 57 L.Ed.2d 522 (1978); *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 247–257, 95 S.Ct. 1612, 1616–21, 44 L.Ed.2d 141 (1975), and there is no reason to award interest on the one but not the other. Indeed, one court has specifically held that, with respect to interest, attorneys' fees and costs should be treated alike. *Gates v. Collier,* 636 F.2d 942, 943 (5th Cir.1981), *reh'g. en banc denied,* 641 F.2d 403 (1981).

For the reasons discussed above, the Court holds that costs are a part of the judgment upon which interest is mandatory under 28 U.S.C. § 1961.

B. *Even If An Award Of Interest On Costs Is Not Mandatory Under 28 U.S.C. § 1961, A District Court Still Has General Authority To Award Interest On Costs Under 35 U.S.C. § 284.*

■ Even if an award of interest on costs is not mandatory under 28 U.S.C.

---

4. *See supra,* n. 3.

§ 1961, a district court still has general authority to award interest on costs under 35 U.S.C. § 284. 35 U.S.C. § 284 provides in relevant part:

Upon finding for the claimant, the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court....

In *General Motors Corp. v. Devex*, —— U.S. ——, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983), the Supreme Court interpreted 35 U.S.C. § 284 to provide a district court with general authority to fix interest and held that the award of prejudgment interest in this case was not an abuse of discretion:

... § 284 gives a court general authority to fix interest and costs. On the face of § 284, a court's authority to award interest is not restricted to exceptional circumstances, and there is no warrant for imposing such a limitation. When Congress wished to limit an element of recovery in a patent infringement action, it said so explicitly. With respect to attorney's fees, Congress expressly provided that a court could award such fees to a prevailing party only "in exceptional cases." 35 U.S.C. § 285. The power to award interest was not similarly restricted.

103 S.Ct. at 2061. The Supreme Court also noted that the overriding purpose of 35 U.S.C. § 284 was to afford the patent owner whose patent had been infringed complete compensation. *Id.* at 2062. This statutory goal of affording the patent owner complete compensation, combined with the general authority given the court by § 284 to fix interest and costs, suggests that an award of interest on costs is an appropriate exercise of the court's discretion.

General Motors argues that § 284 makes no mention of an award of interest on costs and that the traditional rule that costs do not bear interest should be applied to patent infringement cases. While the Court recognizes that § 284 does not explicitly mention an award of interest on costs, the absence of explicit statutory authorization should not prevent an award of interest on costs. In cases brought under a variety of federal statutes which do not specifically mention an award of interest on costs, the courts have nonetheless made such awards. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir.1983) (interest on costs allowed in antitrust suit); *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291 (9th Cir.1981) (interest on costs allowed in antitrust suit); *Gates v. Collier*, 636 F.2d 942, 943 (5th Cir.1981) (interest on costs allowed under Civil Rights Attorney's Fees Awards Act); *Harris v. Chicago Great Western Ry.*, 197 F.2d 829 (7th Cir.1952) (interest on costs allowed in stockholder derivative suit); *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706 (N.D.Ill.1982) (interest on costs allowed in antitrust suit); *Fleet Investment Co. Inc. v. Rogers*, 505 F.Supp. 522 (W.D.Okl.1980) (interest on costs allowed in case brought under Motor Vehicle Information and Costs Savings Act). Thus, the fact that the federal statute dealing with patent cases, like the federal statutes dealing with antitrust cases or civil rights cases, fails to specifically authorize awarding interest on costs is no bar to an award of interest on costs. Therefore, the Court holds that, even if costs are not considered to be part of the judgment under 28 U.S.C. § 1961, the Court may, in its discretion, award interest on costs under 35 U.S.C. § 284 pursuant to the statutory purpose of providing the patent owner with complete compensation.

C. *Recent Holdings Suggest That The Traditional Rule Against Awarding Interest On Costs Should Be Abandoned.*

General Motors relies heavily on the traditional rule that costs do not bear interest. *See generally* 20 C.J.S. Costs § 190 (1940). However, this rule developed at a time when the costs of litigation were low and the delays in the awarding costs due to appeals were relatively short. The rule

makes little sense in an age when costs can be hundreds of thousands of dollars and when there can be delays in the awarding of costs due to appeals of not just weeks and months but years. In this case, the agreed costs amount to $161,960.07, and a delay of almost three years was caused by General Motors' decision to appeal. During that period of time, plaintiffs lost the use of a substantial amount of money and it seems appropriate that the defendant, rather than the injured plaintiff, bear the cost of the loss of use of that money. *See Perkins, supra,* at 676 ("we decline to hold that the costs of the loss of use of a money judgment pending appeal should be borne by an injured plaintiff rather than a defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay"). Thus, the circumstances of this case make the application of the traditional rule that costs do not bear interest particularly inequitable.

Recent federal cases also suggest that the traditional rule against awarding interest on costs should be abandoned. In *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir. *en banc* 1983) (hereinafter *"Copper Liquor"*), the court held that an award of costs to a victorious plaintiff should bear interest from the date a judgment is rendered making the award.[5] In so holding, the Fifth Circuit adopted the following rationale:

> The historical rule that costs do not bear interest, like many court rules, antedates the modern practice of applying economic and business principles to judicial administration. That ancient rule reflects, too, an awareness of the administrative inconvenience to the courts in providing for interest on a sum of money that is often undetermined at the close of litigation and that may remain undeter-

mined for a substantial period. It developed at a time when interest rates were not so high nor costs so large as both now are, and when, therefore, the net effect of disallowance was smaller.

> We are now convinced that allowing interest on attorneys' fees and costs would better serve the purpose of awarding these expenses to the prevailing party since it would more nearly compensate the victor for the expenses of the litigation. As we stated in *Gates v. Collier,* 616 F.2d [1268] at 1276, "[T]he awarding of interest is in no sense a windfall. Because a dollar today is worth more than a dollar in the future, 'the only way [a party] can be made whole is to award him interest from the time he should have received the money.'" (citation omitted).

*Id.* at 544. This reasoning applies to the present case.

General Motors argues that *Copper Liquor* should be limited to its facts. Specifically, General Motors contends that interest on costs is not appropriate unless the plaintiff is acting in a special capacity as a representative of the public interest (*i.e.,* as a "private attorney general") pursuant to a specific statute.[6] Thus, General Motors suggests that while interest on costs might be appropriate in an antitrust or a civil rights case, it is not appropriate in a patent infringement action. The Court disagrees.

While *Copper Liquor* was an antitrust case, there is nothing in that opinion to suggest that its holding was intended to be limited to the antitrust context. The language used in that opinion indicates that interest on costs should be awarded regardless of the nature of the case or the statute under which the case is brought. *Id.* at 544. Indeed, the whole thrust of the opinion in *Copper Liquor* was to permit the award of interest on costs regardless of

---

**5.** While the Court's holding directly cited 28 U.S.C. § 1961, it is unclear whether the Court intended to rule that interest on costs was mandated as part of the judgment under § 1961.

**6.** *See* General Motors' Brief In Opposition To Plaintiffs' Request For Interest On Costs at 3–4 (Dkt. No. 742).

whether or not the particular statute in question could be read to authorize an award of interest.[7] Thus, the rationale of the court in *Copper Liquor* explicitly refutes General Motors' argument that while interest on costs may be appropriate in antitrust and civil rights actions, it is not appropriate in patent infringement actions.[8] In patent cases, as in antitrust or civil rights cases, the appeal by the unsuccessful defendant delays the payment of costs to the injured plaintiff and deprives that plaintiff of the use of his money pending appeal. Thus, given the numerous federal cases which award interest on costs from the date of the judgment establishing the right to costs, it seems clear that this case should not be distinguished simply because it is a patent infringement action.

An order will be entered consistent with this Opinion.

---

7. A brief explanation of the history of this issue in the Fifth Circuit will show why this is so: *Copper Liquor* overruled *Carpa, Inc. v. Ward Foods,* 567 F.2d 1316 (5th Cir.1978) (hereinafter "*Carpa*"). In *Carpa,* the Fifth Circuit held that interest would not be allowed on attorneys' fees awarded under the Clayton Act, 15 U.S.C. § 15 (1976) because, under that statute, attorneys' fees were a part of costs and the court did not discern any congressional intent to reverse the traditional practice of not awarding interest on costs. After the decision in *Carpa,* and prior to the decision in *Copper Liquor,* the Fifth Circuit held in *Gates v. Collier,* 616 F.2d 1268, *reh'g. granted,* 636 F.2d 942, *reh'g. en banc denied,* 641 F.2d 403 (1981) (hereinafter "*Gates*"), that the Civil Rights Attorneys' Fees Award Act, 42 U.S.C. § 1988 (1976), allows interest on costs and attorneys' fees awards. The holdings in *Carpa* and *Gates* were based on an analysis of the particular statutes in question to discern whether Congress intended, by these statutes, "to reverse the traditional practice of not awarding interest on court costs." *Carpa,* 567 F.2d at 1322. In *Carpa,* the Court concluded that the relevant statute did not authorize an award of interest. In *Gates,* the Court concluded that the relevant statute did authorize such an award. However, in *Copper Liquor* the Fifth Circuit rejected the statute-by-statute analysis employed in *Carpa* and *Gates* and awarded interest on costs without any inquiry into whether the particular statute in question authorized an award of interest on costs. *Copper Liquor,* 701 F.2d at 544.

8. *Cf., Independence Tube Corp. v. Copperweld Corp., supra,* at 716 (court awarded interest on costs in antitrust case, noting that Seventh Circuit had awarded interest on costs in stockholders derivative suit).