**HALLIBURTON ENERGY SERVICES, INC., Plaintiff,**

v.

**M–I, LLC, Defendant.**

**No. 6:05–CV–155.**

United States District Court,
E.D. Texas,
Tyler Division.

June 20, 2007.

Monte M. Bond of Godwin Pappas Ronquillo LLP, Dallas, TX, Gregory M. Luck of Thompson & Knight, Houston, TX, Michael E. Jones of Potter Minton PC, Tyler, TX, for Plaintiff.

Andrew W. Spangler, Elizabeth L. DeRieux, and Sidney C. Capshaw III, of Brown McCarroll, Longview, TX, John R. Keville and Stephen H. Cagle of Howrey LLP, Houston, TX, for Defendant.

## ORDER

DAVIS, District Judge.

Before the Court is Defendant M–I, L.L.C.'s ("M–I") Motion for Bill of Costs (Docket No. 208). For the foregoing reasons, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

## BACKGROUND

On October 18, 2006, the Court granted M–I's motion for summary judgment of invalidity (Docket No. 201). The Court entered a final judgment in the case on November 20, 2006 (Docket No. 207) and awarded M–I costs pursuant to Federal Rule of Civil Procedure 54(d)(1). On December 5, 2006, M–I submitted a bill of costs to the clerk seeking recovery of costs under 28 U.S.C. § 1920 totaling $817,742.84 (Docket No. 208). M–I supplemented the bill of costs on December 15, 2006, bringing the total to $850,173.79 (Docket No. 215). Halliburton filed objections in a response to the motions. Now, this matter comes before the Court for determination of a multitude of accounting issues that the parties should have been able to resolve between themselves in light of the applicable law.

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Although the prevailing party is entitled to

its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law.

■ The statute permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 ...; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828....

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *Crawford,* 482 U.S. at 441–42, 107 S.Ct. 2494.

**Fees of the Clerk and Marshal**

■ Private process server fees are not recoverable fees of the clerk and marshal under § 1920. *Cypress–Fairbanks Indep. School Dist. v. Michael F.,* 118 F.3d 245, 257 (5th Cir.1997) ("As there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs.").

**Fees of the court reporter**

■ 28 U.S.C. § 1920(2) authorizes recovery for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The trial court has great discretion to tax the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." *Fogleman v. ARAMCO,* 920 F.2d 278, 285 (5th Cir.1991); *Nissho–Iwai Co. v. Occidental Crude Sales,* 729 F.2d 1530, 1553 (5th Cir.1984). Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman,* 920 F.2d at 285–86 (citations omitted). The district court is accorded great latitude in this determination. *Id.* at 286.

■ Costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion. The costs of a deposition are allowed "if the taking of the deposition is shown to have been reasonably necessary in the light of the facts known to counsel at the time it was taken." *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982), *modified on other grounds en banc,* 701 F.2d 542 (5th Cir.1983), *overruled on other grounds in Int'l Woodworkers of Am. v. Champion Int'l Corp.,* 790 F.2d 1174 (5th Cir.1986); *see also Stearns Airport Equip. Co., v. FMC Corp.,* 170 F.3d 518, 536 (5th Cir.1999).

■ Under Fifth Circuit precedent since § 1920 makes no provision for videotapes of depositions, recovery of such without prior authorization from the court is not allowed. *See Gaddis v. United States.,* 381 F.3d 444, 476 (5th Cir.2004) (citing *Mota v. Univ. of Tex. Houston Health Science Ctr.,* 261 F.3d 512, 529–30 (5th Cir.2001)).

■ In addition, incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are generally not recoverable. *See Harris Corp. v. Sanyo No. Am. Corp.,* 2002 WL 356755, at *3 (N.D.Tex. March 4, 2002); *Canion v. United States,* No. EP–03–CA–0347–FM, 2005 WL 2216881 at *3 (W.D.Tex. 2005).

**Fees for exemplification and copies of papers necessarily obtained for use in the case**

■ Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir.1994). The party seeking costs need not "identify every xerox copy

made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 286. However, it must demonstrate some connection between the costs incurred and the litigation. *Id.* Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable. *Id.*

## Miscellaneous fees

■■■ Miscellaneous expenses such as postage, facsimiles, electronic legal research, and travel expenses are not recoverable under § 1920. *See Home Depot U.S.A. v. Fed. Ins. Co.*, No. 4:02–CV95, 2003 WL 470545, at \*2, 2003 U.S. Dist. LEXIS 5492, at \*5 (E.D.Tex.2003) (Davis, J.); *see also Compton v. Taylor*, No. H–05–4116, 2006 WL 1789045 at \*3, 2006 U.S. Dist. LEXIS 43402 at \*8 (S.D.Tex.2006). Likewise, reimbursement for attorney travel and meals is not allowed. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir.1993). In addition, the Fifth Circuit has expressly held that mediation fees are not recoverable. *Mota*, 261 F.3d at 530.

## ANALYSIS

The parties should have been able to apply the foregoing law to the many minuscule facts the parties now seek to burden the Court with determining. The parties should have been able to meet and confer and resolve these matters without having to take up the Court's limited resources to sort through invoices and arguments that the parties' able counsel should have been able to do through meeting, conferring and submitting an "agreed" bill of costs. Nevertheless, the Court will undertake the following tedious analysis.

M–I requests recovery for the following categories:

### 1. Fees of the clerk and marshal

M–I requests recovery of $143.89 in this category. Halliburton argues that $68.89 that total is unrecoverable because it is for the private service of a subpoena. The Court agrees that private process server fees are not covered by § 1920. *See Cypress–Fairbanks Indep. School Dist.*, 118 F.3d at 257.

Accordingly, M–I may only recover $75.00 in this category.

### 2. Fees of the court reporter

M–I seeks reimbursement for $75,549.43 in this category. This includes twenty depositions taken by M–I, twenty six depositions taken by Halliburton, and transcripts for the motion hearing and the *Markman* hearing. Halliburton does not dispute that the hearing transcripts are recoverable.

Halliburton first objects to M–I's request for recovery of the cost of videotaped depositions. The Court did not give prior authorization for recovery of the cost of video depositions, therefore, the Court **DENIES** M–I's request for recovery of the costs for videotaping in their entirety. *See Gaddis*, 381 F.3d at 476.

Halliburton next objects to M–I's request for recovery of incidental expenses related to the depositions. These types of expenses are generally not recoverable, and M–I has provided no explanation for why these expenses were necessary. *See Fogleman*, 920 F.2d at 285. All incidental expenses related to taking the depositions including, *inter alia*, parking, real time reporting, rough drafts, condensed transcripts, ASCII, expedited delivery, and FEDEX charges are not recoverable.

■■■ Finally, Halliburton argues that the cost for the actual transcripts is excessive. M–I claims $55,264.23 in actual transcript costs. Halliburton argues that the invoices suggest the cost is not limited to the bare transcript costs. For example, the invoice for the deposition of Steve Almond is for $2589.90. The deposition transcript was 243 pages plus 141 pages of exhibits, which translates to a charge of $10.00 per page. This amount is excessive. Halliburton further points out that only two invoices include itemized charges and those two invoices included a $3.50 per page charge plus $334.01 for expedited charges, $70.00 for ASCII and email and $20.00 for shipping and handling. As discussed above, these incidental charges are not recoverable. The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable.

M–I did not meet that burden with respect to those invoices that are not itemized. Therefore, the Court will only allow recovery for the basic transcript charge of $3.50 per page for those invoices that are itemized. All other court reporter costs are **DENIED**.

### 3. Fees for exemplification and copies of papers necessarily obtained for use in the case

M–I seeks an award of $620,814.54 in photocopying costs. Halliburton challenges this amount on the grounds that it cannot determine from Intel's Bill of Costs what items were copied, whether multiple copies of the identical items were copied, and whether the copies were necessary for use in this case.

M–I attached hundreds of invoices related to photocopies in its bill of costs. Most of these invoices offer little, if any, explanation as to what the copies are for or why the costs were necessary trial costs. The Court cannot make a determination from its review of the invoices whether these are necessary expenses. Therefore, the Court **ORDERS** the parties to meet and confer in light of the law stated above and file an agreed revised bill of costs showing the adjusted photocopying expenses. If the parties cannot agree on a total recovery for this category, the Court will set this motion for hearing so the parties can demonstrate the necessity of these costs.

### 4. Court appointed expert

Halliburton does not contest that the fees for the Court appointed technical expert are recoverable, therefore M–I's request for recovery of the Court appointed expert fees is **GRANTED**.

### 5. Miscellaneous fees

M–I requests a total of $133,484.14 in miscellaneous fees and costs. None of these costs are listed in § 1920. The Court is permitted to decline to award costs listed in § 1920, but may not award costs omitted from the statute. *Crawford,* 482 U.S. at 441–42, 107 S.Ct. 2494. Because none of these costs are recoverable under § 1920, M–I's requests under this category are **DENIED**.

## CONCLUSION

Fifth Circuit law is clear on which costs are and are not recoverable. This matter should never have had to come before this Court as a legitimate dispute. Many of the costs M–I seeks are plainly not recoverable under Fifth Circuit precedent. Accordingly, those costs have been denied. Other costs M–I seeks are likely recoverable under Fifth Circuit precedent; however M–I has not shown that they are in fact recoverable as "necessarily obtained for use in the case." Accordingly, those costs have also been denied. As the law is clear on what may and may not be recoverable, this Court will not wade through the over 1080 invoices attached by M–I to its motion to determine what is recoverable. That responsibility is on the party seeking to recover the costs. M–I may recover only those costs where it has met its burden of demonstrating that those are recoverable.

M–I's requests in its bill of costs related to fees of the clerk and marshal are reduced to $75.00. M–I's request for Court appointed expert fees is **GRANTED**. M–I's request in its bill of costs related to fees of the court reporter is **GRANTED** in part and **DENIED** in part; M–I may recover only the $3.50 per page that is itemized in its transcript invoices. The parties are **ORDERED** to meet, confer and compromise with respect to the photocopying expenses within fifteen days of the date of this order. The parties are **ORDERED** to file an agreed adjusted bill of costs within 30 days of the date of this order. If the parties cannot agree, they shall file a disagreed bill of costs indicating their areas of disagreement and the Court will set a hearing on same at which **LEAD TRIAL COUNSEL** will be **ORDERED TO APPEAR** to explain to the Court why they have not been able to resolve their differences. M–I's request for miscellaneous fees is **DENIED**.

So **ORDERED**.