**Sharon GRANDSTAFF, et al.,**
**Plaintiffs–Appellees,**
**Cross–Appellants,**

v.

**CITY OF BORGER, et al.,**
**Defendants–Appellants,**
**Cross–Appellees.**

**No. 87–1334.**

United States Court of Appeals,
Fifth Circuit.

June 15, 1988.

Wayne P. Sturdivant, Gibson, Ochsner & Adkins, Amarillo, Tex., for defendants-appellants, cross-appellees.

Clinard J. Hanby, Haynes & Fullenweider, Houston, Tex., for plaintiffs-appellees, cross-appellants.

Before GARWOOD and JONES, Circuit Judges, and BLACK*, District Judge.

GARWOOD, Circuit Judge:

This appeal involves the propriety of the district court's decision to allow recovery of prejudgment interest on three damages awards, but not on a fourth, and its decision to allow postjudgment interest on certain costs. We reverse in part and remand for entry of judgment in conformance with this opinion.

**Facts and Proceedings Below**

This is the second time that this case has come before us. The first time, this Court remanded, directing modification of the damages award. *Grandstaff v. City of Borger*, 767 F.2d 161, 172 (5th Cir.1985),

* District Judge of the Southern District of Texas,     sitting by designation.

*cert. denied,* —— U.S. ——, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987). This Court also directed the district court to assess attorneys' fees and costs and to consider whether prejudgment interest was allowable in light of the recent Texas Supreme Court opinion in *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985). *See Grandstaff,* 767 F.2d at 173. On remand, the district court determined that prejudgment interest should be recovered for three damages awards, but not for a fourth. It also assessed the fees and costs expended in the appeal and awarded postjudgment interest thereon. This second appeal—and cross-appeal—followed.

### Discussion

■ The parties agree that *Cavnar* controls the main issue in this case, namely, whether the district court should have allowed or disallowed, as the case may be, recovery of prejudgment interest on the four disputed damages awards. In *Cavnar,* the Texas Supreme Court held that "as a matter of law a prevailing plaintiff may recover prejudgment interest ... on damages *that have accrued by the time of judgment."* 696 S.W.2d at 554 (emphasis in original). However, the court also held that because plaintiffs had failed to segregate their past damages from their future damages, they could not recover prejudgment interest. *See id.* at 556. The result is that under Texas law a plaintiff must segregate past damages from future damages in order to recover prejudgment interest on the former.

This suit against the City of Borger and several of its police officers arose out of the death of James Grandstaff in August 1981. The verdict was returned in February 1984, and the initial judgment was entered later that month. By its answers to numerous separate special issues, the jury awarded damages as follows: $100,000 to James Grandstaff's estate for his conscious pain and suffering prior to death; $250,000 to Sharon Grandstaff, his widow, for her

pecuniary loss by reason of James' death; $250,000 to Sharon Grandstaff for her loss of society, companionship, and mental anguish by reason of James' death; $200,000 to Jo Cheryl Grandstaff, James' minor daughter, for her pecuniary loss by reason of James' death; $250,000 to Jo Cheryl Grandstaff for her loss of society, companionship, and mental anguish by reason of James' death; $200,000 to Joe Henry Grandstaff, James' father, for his loss of society, companionship, and mental anguish by reason of James' death; $100,000 to Sharon Grandstaff, and $25,000 each to James' two minor stepsons, Randy Glenn Gatlin and Charles Robert Gatlin, for the emotional injury each respectively sustained as a result of seeing the circumstances surrounding James' death; punitive damages against four of the individual defendants in the amount as to each of the four of $3,000 to Sharon Grandstaff, $3,000 to Jo Cheryl Grandstaff, and $1,500 to Joe Henry Grandstaff.[1]

The prejudgment interest controversy relates only to the damages to the widow, minor daughter, and father for loss of society, companionship, and mental anguish by reason of James' death, on which the district court on remand allowed prejudgment interest, and the damages to the widow and minor stepsons for emotional injury sustained as a result of seeing the circumstances surrounding James' death, on which the district court on remand disallowed prejudgment interest. The initial judgment had denied prejudgment interest on all these particular items. These damages awards were made in response to four different special issues.

The three special issues relating to damages for loss of society, companionship, and mental anguish by reason of James' death are phrased almost identically. Issue 9(b) asks the jury, in pertinent part, to "[f]ind from a preponderance of the evidence what sum of money, if any, if paid now in cash would fairly and reasonably compensate Sharon Grandstaff for her loss

---

**1.** Instructions were given to indicate to the jury that in answering more than one damages issue as to one particular plaintiff they should not include as damages in one of the issues items awarded or to be included in a different issue as to the same plaintiff.

**1018**

of society and companionship, if any, and mental anguish, if any, resulting from the death of James C. Grandstaff." Issues 10(b) and 10(d) are worded similarly except that the names of Jo Cheryl Grandstaff and Joe Henry Grandstaff, respectively, are substituted for the name of Sharon Grandstaff. No other issue inquired of any damages for any loss of society, companionship, or mental anguish resulting from James' death, and none was requested; no other such damages were sought or awarded. Issue 11, which relates to the damages award for emotional injury sustained as a result of seeing the circumstances surrounding James' death, reads somewhat differently. It asks the jury to "[f]ind from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate [Sharon Grandstaff, Randy Glenn Gatlin, and Charles Robert Gatlin] for their emotional injury, if any, sustained as a result of seeing the circumstances surrounding the death of James C. Grandstaff." No other issue inquired of any damages for emotional injury from seeing the circumstances of James' death, and none was requested; no other such damages were sought or awarded. Common to all these four special issues is the phrase "what sum of money, if any, if paid now in cash."

What the parties dispute is the result that application of the *Cavnar* rule produces. Defendants-appellants argue that plaintiffs-appellees failed to segregate past damages from future damages in these special issues and that they should therefore be denied prejudgment interest on all four of the disputed damages awards. Plaintiffs–appellees counter that these four special issues each referred *only* to past damages. They contend that they therefore should have recovered prejudgment interest on the damages award related to

special issue 11 as well as on the other three awards.

It strikes us as wholly unrealistic to assume that highly experienced and competent Texas trial attorneys like counsel for plaintiffs-appellees would have failed to assert their clients' rights to future accruing damages, where the bulk of their damages undoubtedly lay, and instead sought only those damages that had accrued and been actually suffered prior to trial. Texas law has long and clearly entitled plaintiffs-appellees to such future damages. *See, e.g., Dover Corp. v. Perez,* 587 S.W.2d 761, 768 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.), *supplemented,* 591 S.W.2d 547. Accordingly, to argue that plaintiffs-appellees gave up their rights to such future damages is to require us to close our eyes to what we, as Texas judges and former Texas lawyers, full well know to be the actual, practical truth of the matter, well confirmed here by the record as a whole.[2]

Moreover, it has long been well understood in Texas practice that the phrase "what sum of money ... if paid now in cash" is used to direct the jury's attention to the element of present value in a claim for future damages. *See, e.g., Avery v. Maremont Corp.,* 628 F.2d 441, 446 (5th Cir.1980); *Atchison, Topeka & Santa Fe Railway Co. v. Sheppard,* 447 S.W.2d 216, 220 (Tex.Civ.App.—Eastland 1969, no writ); *Continental Casualty Co. v. Vaughn,* 407 S.W.2d 818, 825 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.). Hence, even if plaintiffs-appellees had intended to seek only past damages, which obviously they did not, the fact remains that by using the above phrase the special issues objectively directed the jury's attention to future damages as well as to past damages.

■ In sum, the only sensible reading of these special issues is that they asked for both past and future damages, but failed to segregate the one from the other. This

---

**2.** There was, of course, no objection by plaintiffs-appellees to the form of these issues on the ground that they limited recovery to damages already accrued and suffered as of trial; defendants-appellants never contended that these damages should be so restricted; nor does the evidence or jury arguments, or anything else in the trial, even remotely suggest that anyone—counsel, court, jurors, or witnesses—understood that these items of recoverable damages did not extend to posttrial, as well as pretrial, loss.

was entirely in accordance with customary Texas practice prior to *Cavnar*, which changed the Texas law as to recoverability of prejudgment interest in respect to damages of this sort. We conclude that under Texas law, which is concededly applicable here, plaintiffs-appellees were not entitled to prejudgment interest on any of the four damages awards presently under review.

■ On the issue of whether the district court properly allowed postjudgment interest on the costs that plaintiffs-appellees expended in the first appeal, the law is squarely in favor of plaintiffs-appellees. Defendants-appellants cite *Gates v. Collier*, 616 F.2d 1268 (5th Cir.1980), *reh'g granted*, 636 F.2d 942 (1981), for the proposition that postjudgment interest cannot be recovered on the costs assessed against them by the district court. However, on rehearing this Court decided that postjudgment interest *can* be recovered on such costs. *See Gates v. Collier*, 636 F.2d 942, 943 (5th Cir.1981). We therefore conclude that this aspect of the district court's judgment is entirely correct.

### Conclusion

On the prejudgment interest question, we determine that the district court erred in allowing recovery of prejudgment interest on the damages awards made pursuant to special issues 9(b), 10(b), and 10(d), but acted correctly in denying prejudgment interest on the damages award made pursuant to special issue 11. On the postjudgment interest question, we conclude that the district court properly allowed recovery of such interest on the costs it assessed against defendants-appellants. Accordingly, we reverse the district court's judgment insofar as it grants prejudgment interest on the damages awarded pursuant to the jury's answer to special issues 9(b), 10(b), and 10(d). In all other respects, the judgment below is affirmed. We remand the case for entry of judgment consistent with this opinion.

REVERSED in part and REMANDED.