### Melva PRESSEY, as guardian of William H. Pressey, Plaintiff,

### v.

### CITY OF HOUSTON, et al., Defendants.

### Civ. A. No. H–84–5018.

United States District Court,
S.D. Texas,
Houston Division.

### Aug. 10, 1988.

Michael M. Essmyer, Haynes & Fullenweider, Gerald M. Birnberg, Houston, Tex., for plaintiff.

Jack McKinley, Hirsch, Glover, Robinson & Sheiness, Houston, Tex., for City of Houston, Tex.

Jerry D. Conner, Conner & Dreyer, Houston, Tex., for Kendell R. Patterson and W.L. Brasher.

## MEMORANDUM ON PREJUDGMENT INTEREST

HUGHES, District Judge.

In 1983, a Houston police officer shot William Pressey in the forehead, mentally and physically crippling him for life. A second officer lied to protect the first offi-cer. Pressey obtained a verdict for over $6 million in past and future damages under the federal statutes protecting civil rights. He has applied for prejudgment interest on the portions of the judgment that have accrued. Pressey, through his guardian, will be awarded prejudgment interest.

*Rule.*

In a civil rights action under federal law, a plaintiff should receive prejudgment interest. On liquidated losses attributable in particular amounts to specific times, interest will begin thirty days from their accrual, and on damages attributable to the whole or to unspecified parts of the period, interest will be calculated as if they accrued in even installments from the date of injury to the date of judgment. The federal postjudgment interest rate on the date of judgment will apply, compounded annually.

*Background.*

The jury could not have made a prejudgment interest award under the charge. The interrogatories to the jury distinguished between accrued and future damages (e.g. past pain, future pain; past medical expenses, future medical expense), and although there was considerable evidence of discount calculations, no evidence was presented from which the jury could have adjusted the past amounts for the delay to judgment. The jury, therefore, could not have made a prejudgment interest award under the charge.

Each special interrogatory about damage asked what amount of money "if paid now in cash" would compensate Pressey, but to conclude that this told the jury to include prejudgment interest in its answers, especially without evidence, reads more into the language than is there. The phrase "if paid now in cash" is ancient. Apparently, it was used originally to negate speculation about postjudgment interest, terms of payment, or probability of payment, as well as to indicate the actual form of the quantification of the damages. Because prejudgment interest was not recoverable traditionally, the language has never meant to instruct the jury to include

compensation for the delay from the injury to the trial.

*Discussion.*

■ The statute does not mandate or preclude prejudgment interest. *See* 42 U.S.C. §§ 1983, 1988. Federal civil rights law directs the court to look at Texas common law and statutes if federal law fails to specify a remedy for a civil rights violation. 42 U.S.C. § 1988; *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir.1961). Resort to state law is had only when federal law is deficient. Here deference to federal law, equity, and confused mathematics of finance in the Texas rule all militate in favor of the application of an equitable federal prejudgment interest in United States courts.

Prejudgment interest will be awarded to Pressey under federal law. *See Rodgers v. U.S.*, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947). Pressey's rights were severely violated. He has been mentally and physically crippled for life. Reimbursement for his damages has been delayed five years. The judgment must include prejudgment interest on the past damages to compensate Pressey fully.

■ On elements of damage like medical and guardianship expenses, the logic of accounts should apply, and interest will run from thirty days after they were incurred.

■ On items like past pain and past lost wages, the logic of the damages would suggest an assumption that the total accrued in equal increments from the date of the injury to the date of judgment; therefore, interest could be easily and sensibly calculated on the average outstanding balance for the whole period by multiplying one-half the award by a fair rate of interest for the actual years in question. Because damages are awarded to make the injured plaintiff whole, the focus is full compensation even in prejudgment interest. The unliquidated nature of these claims changes when they are quantified by the jury, allowing the court to adjust for delay.

■ Since we are supplying a federal remedy, it makes more sense for a United States court to use the federal post-judgment interest rate for prejudgment interest calculations rather than use the parallel Texas statute as a surrogate federal common law. *See Blanton v. Anzalone*, 813 F.2d 1574 (9th Cir.1987). The current postjudgment interest rate will compensate Pressey for the delay, even though it may be slightly lower than the average market rate during 1983–1988. 28 U.S.C. § 1961.

A recent case has implied that prejudgment interest should be calculated under Texas law. *See Grandstaff v. City of Borger*, 846 F.2d 1016 (5th Cir.1988). Justice, however, can be done with sounder assumptions and easier calculations where federal law is applied.

The Texas rule that prejudgment interest is recoverable in personal injury actions is relatively new. Interest is calculated as if all of the damages that have accrued at the time of judgment had been outstanding either at the time of the injury or six months after the injury, depending on the type of action. The rate approximates the market and is compounded daily. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 (Tex.1985); Tex.Rev.Civ. Stat.Ann. art. 5069–1.05 § 2 (1983) (amended 1987).

The assumption in *Cavnar* is that interest should begin on a different date depending whether the action pursued was wrongful death, non-death personal injury, or a survival action; the distinction relates to nothing relevant to interest or compensation. Assuming that all past damage accrued in full near the injury arbitrarily contradicts the reasoning behind the awarding of the particular element of damage; for instance, in a case that has been pending for two years since the injury, an award for last month's lost wages miraculously accrues twenty-four months' interest. Compounding the interest daily is unnecessarily complicated; annual compounding of postjudgment interest in federal courts works well enough. *See* 28 U.S.C. § 1961.

The federal remedy employs assumptions more consistent with financial reality than the assumptions and impositions of the

Texas rule. Its application does not conflict with *Grandstaff v. City of Borger*, 846 F.2d 1016 (5th Cir.1988). In that case, the parties agreed that *Cavnar* applied, and the issue of the applicability of *Cavnar* as a matter of federal law was not raised before the court of appeals.

*Conclusion.*

Pressey will be awarded prejudgment interest at the current federal postjudgment rate:

(a) On past expense items, like past medical expenses, guardianship expenses, and property damage, from thirty days after each accrued; and

(b) On past lost earning capacity, pain, anguish, disfigurement, and physical impairment, value of personal care, from the date of injury to judgment as if they accrued in even monthly increments.