Sidney R. GRIFFIN, Plaintiff,

v.

OZARK COUNTY, MISSOURI and
Herman Pierce, Sheriff,
Defendants.

No. 84-3158-CV-S-2.

United States District Court,
W.D. Missouri, S.D.

June 1, 1988.

Mark C. Fels, Poole, Smith & Wieland, P.C., Springfield, Mo. (court appointed), for plaintiff.

John Jacobs, Richard T. Martin, Gainesville, Mo., for defendants.

## ORDER GRANTING PETITION FOR ATTORNEY'S FEES

COLLINSON, Senior District Judge.

This case is now before this Court on motion of the plaintiff's attorney to obtain an award of attorney fees for counsel's representation of the plaintiff herein, Sidney R. Griffin.

Though plaintiff initially brought this action pro se, on July 12, 1985, the Court appointed Lowther, Johnson, Lowther, Cully & Housley to represent the plaintiff in this matter.

On July 29, 1985, this Court relieved that firm from representing plaintiff and ordered that the law firm of Poole, Croessmann and Stevens, n/d/b/a Poole, Smith, Wieland, P.C. enter the appearance of a member of the firm as attorney of record. On August 5, 1987, plaintiff's counsel herein, Mark C. Fels, entered his appearance with this Court.

The Court, on December 8, 1987, rendered a decision in favor of the plaintiff by entering an order of judgment against the two named defendants in the amount of $500.00 plus attorney's fees. This Court's order of that date directed that the award of attorney's fees would be held open until further evidence was produced. Plaintiff's counsel was directed to file with this Court within two weeks an itemized statement of the hours spent in preparation and trial and an itemized statement of any out-of-pocket expenses incurred. The defendants would then be given an opportunity to object or otherwise reply.

Counsel has submitted an itemization of his hours and is requesting approval of a fee application in the amount of $10,979.50, plus reimbursement of out-of-pocket expenses totaling $47.05. The defendants have not responded.

### I.

### ENTITLEMENT TO FEE AWARD

This Court may award reasonable attorney's fees in conformance with the Civil Rights Attorney's Fees Awards Act of 1976 [42 U.S.C. § 1988] to an attorney for representing a Section 1983 petitioner in a claim before this Court. That section provides, in part,

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983,

1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

It makes no difference if, as here, counsel was court appointed.

To allow fees to court-appointed counsel will encourage the vindication of civil rights which is the purpose of the [Civil Rights Attorney's Fees Awards] Act, and court-appointed counsel should be no more expensive than hired attorneys.

*Miller v. Carson,* 563 F.2d 741, 756 (5th Cir.1977).

The threshold question in cases where an attorney's fee is requested is whether the party moving for the award is a "prevailing party" within the meaning of Section 1988. This standard is a generous one which allows an award if a party prevails "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). That standard has obviously been met in the instant case as the plaintiff has proved virtually all of his allegations concerning his treatment at the hands of the County and has gotten favorable declaratory relief.

Once the Court finds that a party has prevailed and is entitled to an award of attorney's fees, most courts determine the amount of the fee by utilizing a three-step methodology. First, a base fee or "lodestar" is determined. Second, if the prevailing party succeeds on less than all of his claims, the lodestar may be adjusted according to the criteris enumerated in *Hensley v. Eckerhart.* Third, the sum may be adjusted up or down in consideration of other factors. *See generally,* Speed, *Attorney's Fees Awards In Federal Court,* 39 Ark.L.Rev. 99 (1985).

## II.

## AMOUNT OF FEE AWARD

### A. DETERMINATION OF LODESTAR

The lodestar is determined by multiplying the number of hours reasonably ex-

pended by a reasonable hourly rate. *Hensley,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40; *Ladies Center, Nebraska, Inc. v. Thone,* 645 F.2d 645 (8th Cir.1981). The "reasonableness" of both the number of hours expended and the hourly rate requested should be determined by the trial court in light of the twelve factors enumerated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974). Both the United States Supreme Court and the Court of Appeals for the Eighth Circuit have expressly adopted these factors. *See Hensley,* 461 U.S. at 434, n. 9, 103 S.Ct. at 1940, n. 9 and *Ladies Center* at 647.

The factors enumerated in *Johnson* are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The burden is on the party seeking fees to submit evidence from which a reasonable fee can be awarded. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). As stated above, pursuant to this Court's order, counsel for the plaintiff has submitted his application of fees and supporting documentation. Defendants never responded. As stated by Chief Justice Burger in his concurring opinion in *Hensley:* "A District Judge may not, in my view, authorize the payment of attorney's fees unless the attorney involved has established by clear and convincing evidence the time and effort claimed and shown that the time expended was necessary to achieve the results obtained." [1] The Court finds that the plaintiff's application meets that standard. It is excellently

**1.** *Hensley,* 461 U.S. at 440–41, 103 S.Ct. at 1943.

documented, being concise enough to be easily reviewed yet having sufficient detail to allow the Court to easily determine what type of work was done, how much time was expended, and when.

### 1. *Hours Expended*

The Supreme Court stated in *Hensley* that "billing judgment" should be used in fee setting. This is hardly a helpful guideline when evaluating whether the hours submitted by an attorney in a fee request were "reasonably" expended. Chief Judge Lay has recognized the difficult task the trial court faces in determining what are reasonable hours expended when he wrote: "[A] judge is seldom able to make adequate appraisal of what is necessary for counsel to do or not do in a given case. This appraisal turns on so many subjective factors that it seldom should be the basis for reduction of an attorney fee." *Jaquette v. Black Hawk County,* 710 F.2d 455, 460 (8th Cir.1983).

When undertaking this task of determining what activities are compensable, perhaps more guidance could be gleaned from what has been held to be *not* compensable. Duplicative hours should not be awarded.[2] Time spent by an attorney correcting his own mistakes and hours spent drafting an overlengthy brief when the extra pages added nothing essential are not compensable.[3] Excessive travel time where there is insufficient evidence that travel time involved work on the case is not compensable.[4]

However, there is nothing in counsel's application and supporting documents that suggest that any of the time for which counsel is requesting compensation could be considered as coming under any of those categories. All of the documented activities of counsel appear to be hours spent in good faith in the preparation of this lawsuit and in the trying of the case. The Court hereby finds that the total of 169.3 hours is an amount that is reasonable within the meaning of Section 1988. It should be pointed out that a small amount of time, perhaps two or three hours at the most, was apparently expended by plaintiff's counsel in undertaking activities that might, arguably, be considered more properly done by a paralegal, secretary, law clerk, etc. The Court is quite aware that work done by an attorney that could also have been performed by a paralegal, secretary or law clerk is not compensable at the attorney's rate, but rather at some lower rate.[5] Because of the relatively small size of the firm of which counsel is a member and because of the excellent credibility which counsel has established with the Court pursuant to bringing this case, including his conduct in Court and in Chambers, the preparation of his pleadings, the forthrightness of the documents relating to his fee request, etc. the Court hereby finds that counsel either had no other option but to handle these matters himself or else made a determination that, in his best judgment, those matters should be personally tended to by him. The Court feels comfortable in making this finding due to the inherent discretion a district court is allowed by the Supreme Court in determining the amount of a fee or award. "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding appellant review of what essentially are factual matters." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941.

### 2. *Reasonable Hourly Rate*

The "reasonable hourly rate" by which the compensable hours are multiplied, is determined according to the prevailing rate in the community in which the litigation occurred. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Avalon Cinema Corp. v. Thompson,* 689 F.2d 137 (8th Cir.1980). The hourly rate requested by counsel is actually a series of

---

**2.** *Phillips v. Weeks,* 586 F.Supp. 241 (E.D.Ark. 1984).

**3.** *Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 139 (8th Cir.1982).

**4.** *International Travel Arrangers, Inc. v. Western Airlines,* 623 F.2d 1255 (8th Cir.1980), *cert. de-* nied, 449 U.S. 1063, 101 S.Ct. 787, 66 L.Ed.2d 605 (1980).

**5.** *Swope v. Bratton,* 541 F.Supp. 99 (W.D.Ark. 1982).

five rates showing an increase during the lifetime of this lawsuit. It should be pointed out that counsel entered his appearance on August 2, 1985 and the last time-entry on counsel's documents supporting his application was dated September 30, 1987. (Counsel has neglected to include in his application the time actually spent in preparing his request for attorney's fees. This oversight will be discussed below.)

Counsel noted in his application that the changes in the billing rate reflected in the documents supporting his application for fees were due to his firm's "general procedure of increasing an attorney's billing rate as he/she acquires more experience and practice. Such changes were not in any way made with particular reference to this case."

Counsel's application reflects that his requested hourly rate varies from $55.00 per hour for work done in the early stages of this litigation to a "high" of $70.00 per hour which was counsel's regular rate of billing for other work done for the firm as of summer and early fall of 1987, the time of counsel's last time entries for which he seeks compensation. A summary of counsel's time and requested fees is set out below.

SUMMARY OF MR. FELS' TIME SPENT ON CASE

| | | | |
|---|---|---|---|
| 41.4 | hours | $55.00/hour | $ 2,277.00 |
| 18.3 | hours | $60.00/hour | 1,098.00 |
| 1.2 | hours | $62.50/hour | 75.00 |
| 11.7 | hours | $65.00/hour | 760.50 |
| 96.7 | hours | $70.00/hour | 6,769.00 |
| | | | |
| Totals: 169.3 | hours | | $10,979.50 |
| Total Expenses: | | | $ 47.05 |

The Court finds the hourly rates at which counsel requests to be compensated for the hours performed to be inherently reasonable and well within the prevailing rates in the Springfield community during the time in which this litigation occurred. In approving these rates, the Court has considered the twelve factors cited in *Johnson*, especially nos. 1, 3, 8, and 9, and found the requested rates to be entirely appropriate.

**6.** 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

### 3. *Summary of Lodestar Calculation*

The Court has found that both the requested hourly rates and the hours submitted for approval are reasonable and will be approved. Furthermore, the Court will modify counsel's request by assuming counsel took two hours to prepare his application for attorney's fees. Counsel will be paid for those two hours at the rate of $75.00 per hour. Time expended in establishing entitlement to an attorney's fee is includable in a fee award. *Manhart v. City of Los Angeles*, 652 F.2d 904, 909 (9th Cir.1981); *Swope v. Bratton*, 541 F.Supp. 99 (W.D.Ark.1982).

Based on the foregoing, the Court determines that the lodestar amount for this matter is the $10,979.50 requested, together with an additional $150.00 (2 hours at $75.00 per hour), or a total of $11,129.50. Costs will be awarded as well.

### B. HENSLEY CONSIDERED

In *Hensley v. Eckerhart*, [6] it was mandated that a district court, after the lodestar is determined, must analyze the reasonableness of the fee in light of the "results obtained." Consideration of the results obtained may leave the district court to adjust the fee upward or downward.[7]

In the matter at Bar, the Court finds that neither an upward or downward adjustment is mandated here due to the *Hensley* decision.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances *the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.* See *Davis v. County of Los Angeles*, [8 E.P.D. at 5049]. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or

**7.** *Id.* at 434, 103 S.Ct. at 1940.

failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940 (emphasis added).

In the instant case, plaintiff was successful in prevailing on the central issue of whether his civil rights were being violated. His appointed counsel did an exemplary job of preparing and presenting his case. However, considering the facts involved in the case at bar, neither can it be said that the results obtained were exceptional. Given the essentially undisputed facts regarding the deplorable condition of the jail facility *(see Memorandum Opinion and Order*, entered December 8, 1987), the relief granted by this Court can hardly be deemed exceptional.

Therefore, no upward or downward adjustment due to *Hensley* considerations is required here. However, the defendants should not be misled into thinking that, because the amount of money awarded plaintiff was relatively minor, especially in comparison to the amount awarded here to plaintiff's counsel, that the "results obtained" are out of proportion to the fee awarded to counsel. The phrase "results obtained" is not limited in meaning to money. *See generally Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236 (8th Cir.1982). "[I]t is difficult to place a pecuniary value on relief sought when the injury involves the infringement of the civil or *constitutional* rights of a plaintiff." *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455, 460 (8th Cir.1983) (emphasis added).

### C. ENHANCEMENT

The third and final step in evaluating a requested award of attorney's fees is deciding whether the lodestar amount, after possibly being modified by the criteria enumerated in *Hensley*, should be enhanced.

In the matter at bar, counsel has not made a request for an incentive award or for enhancement that would be added to his basic attorney's fee. Nevertheless, the Court will briefly discuss why the Court deems that such an award in the instant case would be inappropriate given the circumstances.

The leading United States Supreme Court case on the issue of enhancement is *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891. In *Blum* the Court held that to be entitled to an enhanced award, the moving party has the burden of introducing evidence that "enhancement [is] necessary to provide fair and reasonable compensation." The *Blum* court left open the issue of compensating an attorney for assuming the risk of nonpayment.

Though there are many factors that may be considered when ruling on a request for enhanced fees, it should be remembered that the fundamental purpose of Section 1988 is to provide remuneration adequate to attract competent counsel to civil rights suits, thereby affording citizens "a meaningful opportunity to vindicate important congressional policies which these laws contain," S.Rep. No. 94–1011, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Admin.News 5908, 5910.

It should be remembered that even though he performed admirably, Mr. Fels was a "victim" of this Court's appointment procedure. Since the object of Congress is to "attract" counsel to cases of this type and since Mr. Fels essentially had very little choice in whether he would take this matter on or not, it would seem that no sort of enhancement or enticement would be necessary in this matter in order to help implement congressional policy. Again, there was essentially no "risk" involved in Mr. Fels taking on this case since he basically had no choice in the matter. (It should be pointed out that the Supreme Court has recently severely restricted a district court's ability to authorize enhancement of an attorney's fee simply on the basis of assuming the risk of losing except in exceptional cases. *Pennsylvania v. Delaware Valley Citizens' Counsel,* — U.S. —, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987)).

### III.

### COSTS INCURRED BY COUNSEL

Additionally, counsel's application for fees includes an itemized statement of

costs in the sum of $47.05. As stated above, there is likewise no challenge raised by the defendants to any element of the costs plaintiff's counsel alleges were incurred in bringing the case. The Court finds such costs to be reasonable and is therefore awarding them as a part of the plaintiff's fees. "[T]he authority granted in section 1988 to award a 'reasonable attorney's fee' included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4, 30 (D.C.Cir.1984), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622.

## IV.

### INTEREST

Pursuant to 28 U.S.C. § 1961, the Court orders interest on the plaintiff's attorney's award of fees and costs from the date of this order until paid. *R.W.T. v. Dalton,* 712 F.2d 1225, 1234 (8th Cir.1983), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). Interest will accrue at the rate of 7.20 % per annum, that being the "rate equal to the coupon issue yield equivalent ... of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." 28 U.S.C. § 1961(a).

## V.

### CONCLUSION

In the Court's calculation, the itemized total will be 41.4 hours at $55.00 per hour ($2277.00), plus 18.3 hours at $60.00 per hour ($1098.00), plus 1.2 hours at $62.50 per hour ($75.00), plus 11.7 hours at $65.00 per hour ($760.50), plus 96.7 hours at $70.00 per hour ($6,769.00), or a total of $10,979.50 representing compensation for the 169.3 hours requested and allowed.

Therefore, the Court approves as reasonable attorney's fees the sum of $10,979.50 for service in connection with the discovery and trial of this case, together with $150.00 (two hours at $75.00 per hour) for attor-

ney's fees in connection with preparing plaintiff's counsel's application for attorney's fees pursuant to this Court's order of December 8, 1987. Additionally, the Court includes as costs sums advanced and itemized by counsel totaling $47.05. The total sum approved by the Court as attorney's fees and costs in the case is $11,176.55, plus interest accruing on that amount from the date of this order at 7.20 % per annum.

For the foregoing reasons, it is

ORDERED that the plaintiff have and he is hereby awarded attorney's fees of eleven thousand one hundred twenty-nine and 50/100 dollars ($11,129.50) together with costs incurred in the sum of forty-seven and 05/100 dollars ($47.05). The total award is eleven thousand one hundred seventy-six and 55/100 dollars ($11,176.55), plus interest from the date of this order until paid.

Similarly, the $500.00 awarded to plaintiff in the Court's order of December 8, 1987 will also bear interest at 7.20 % per annum from today's date until paid.

Plaintiff and counsel are to be paid their respective awards immediately.