**Kalima JENKINS, et al., Plaintiffs,**

v.

**STATE OF MISSOURI, et al.,
Defendants.**

No. 77–0420–CV–W–4.

United States District Court,
W.D. Missouri, W.D.

Feb. 26, 1990.

Arthur A. Benson, II, Benson & McKay, Kansas City, Mo., and Russell E. Lovell, Des Moines, Iowa, for plaintiffs.

Shirley Keeler, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., and Allen R. Snyder, Hogan & Hartson, Washington, D.C., for KCMSD.

Bartow Farr, III, Onek, Klein & Farr, Washington, D.C. and Michael Fields, Asst. Atty. Gen., Jefferson City, Mo., for State of Missouri.

Michael Gordon, Jolley, Walsh, Hager & Gordon, Kansas City, Mo., for intervenor Amer. Fed. of Teachers.

### ORDER

RUSSELL G. CLARK, District Judge.

Before the Court is plaintiffs' motion for award of post-judgment interest. The State filed a response and plaintiffs filed a reply to the State's response. The State filed a memorandum reply to plaintiffs' reply and plaintiffs filed a comment to the State's memorandum reply. Plaintiffs' mo-

tion for award of post-judgment interest will be granted.

On September 17, 1984, the Court entered judgment in the above-captioned case in favor of plaintiffs and against the State and the KCMSD. *Jenkins v. State of Missouri*, 593 F.Supp. 1485 (W.D.Mo.1984). On February 24, 1986, the Court entered an order stating that "[c]learly under the law, counsel for plaintiffs are entitled to an award of attorney's fees" and ordered the State to make an immediate partial payment of attorneys' fees to Arthur Benson in the amount of $200,000. *Id.*, Order of February 24, 1986, at 1–2. Subsequently, on May 11, 1987, the Court entered an order stating that plaintiffs were entitled to recover attorneys' fees in the above-captioned case and directing the State to pay Benson $1,687,139.92 in attorneys' fees and expenses and to pay the Legal Defense Fund $2,365,875.74 in attorneys' fees and expenses.

Plaintiffs' motion for award of post-judgment interest argues that plaintiffs are entitled to post-judgment interest on attorneys' fees from the date of the February 24, 1986, order in which the Court first determined plaintiffs were entitled to an award of attorneys' fees. The State responds that post-judgment interest is only available from the date of the May 11, 1987, order quantifying plaintiffs' attorneys' fees and that even if post-judgment interest runs from a date earlier than the quantifying of the fee award, the Court's award of current market rates and enhancement of Benson's rate for delay in payment should preclude awarding post-judgment interest prior to the quantifying of the fee award, as it would result in a windfall to plaintiffs.

■ Plaintiffs originally alleged claims against defendants under 42 U.S.C. §§ 1983 and 2000d and under the 14th Amendment to the United States Constitution. *Id.*, 593 F.Supp. at 1488. Plaintiffs were successful on their claims, *see id.* at 1506, and were subsequently awarded attorneys' fees as a "prevailing party" pursuant to 42 U.S.C. § 1988. *Id.*, Order of May 11, 1987, at 2. 28 U.S.C. § 1961(a) (emphasis added) provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. *Such interest shall be calculated from the date of the entry of the judgment,* at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

It is well-settled that the language "any money judgment" in § 1961 includes a judgment awarding attorneys' fees, *see, e.g., Mathis v. Spears*, 857 F.2d 749, 760 (Fed.Cir.1988); *R.W.T. v. Dalton*, 712 F.2d 1225, 1234–35 (8th Cir.), *cert. denied*, 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 543 (5th Cir.1983) (en banc) (per curiam); *Spain v. Mountanos*, 690 F.2d 742, 748 (9th Cir.1982), and therefore plaintiffs are entitled to an award of interest on their attorneys' fees judgment pursuant to § 1961. The dispute resulting in the current motion arises from the following § 1961 language: "Such interest shall be calculated from the date of the entry of the judgment...." Plaintiffs contend that interest on plaintiffs' attorneys' fees award should begin to accrue on February 24, 1986, which is the date the Court first entered an order stating that plaintiffs were entitled to recover attorneys' fees. The State argues that interest on the attorneys' fees award should not begin to accrue until May 11, 1987, which is the date the Court entered an order quantifying plaintiffs' attorneys' fees award.

All courts that have specifically addressed this issue have determined that interest should accrue from the date the

Court recognizes the party's right to recover attorneys' fees even if the fees were not quantified. The Fifth Circuit has stated:

> If a judgment is rendered that does not mention the right to attorneys' fees, and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of judgment. If, however, judgment is rendered without mention of attorneys' fees, and the allowance of fees is within the discretion of the court, interest will accrue only from *the date the court recognizes the right to such fees in a judgment.*

*Copper Liquor,* 701 F.2d at 545 (emphasis added). In a footnote that court stated that the "rule should not extend to the allowance of interest prior to the time of *the judgment recognizing the right to costs and fees." Id.* at 544 n. 3 (emphasis added). The Federal Circuit agreed with the Fifth Circuit:

> The provision for calculating interest from entry of judgment deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor. *Interest on an attorney fee award thus runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum.*

*Mathis,* 857 F.2d at 760 (citation omitted) (emphasis added). The district courts which have specifically addressed the issue reach the same result as *Copper Liquor* and *Mathis. See Water Technologies Corp. v. Calco Ltd.,* 714 F.Supp. 899, 910 (N.D.Ill.1989); *Procter & Gamble Co. v. Weyerhaeuser Co.,* 711 F.Supp. 904, 908 (N.D.Ill.1989); *Williamsburg Fair Housing Committee v. Ross–Rodney Housing Corp.,* 599 F.Supp. 509, 522–23 (S.D.N.Y. 1984); *Burston v. Commonwealth of Virginia,* 595 F.Supp. 644, 652 (E.D.Va.1984). The court in *Williamsburg* justified its award of interest on attorneys' fees from the date the fees were awarded as follows:

> If a dollar amount had been set by this Court when the order was entered [granting plaintiffs' request for attorneys' fees], the plaintiffs' attorneys would have been entitled to immediate payment. Since the amount of the award was not set forth at that time, the defendants have enjoyed the use of that money and the plaintiffs' attorneys have not.

*Williamsburg,* 599 F.Supp. at 523.

It appears that the cases cited by the State to support the proposition that interest begins to accrue on the date an attorneys' fees award is quantified are distinguishable from the current case and do not specifically address the issue raised in the current motion. In *R.W.T. v. Dalton,* 712 F.2d 1225, 1228 (8th Cir.), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), the district court granted summary judgment in favor of plaintiffs on October 14, 1980, and on March 30, 1982, entered a final judgment awarding plaintiffs' attorneys' fees in the amount of $34,815, but with no award of post-judgment interest. The Eighth Circuit determined that the district court should have awarded interest on plaintiffs' attorneys' fees award from March 30, 1982, until payment. *Id.* at 1234–35. The State argues that *Dalton* indicates that the Eighth Circuit intended for post-judgment interest on an attorneys' fees award to begin to accrue only from the date of an order quantifying such award. Although *Dalton* is somewhat ambiguous on this issue, the Court does not agree with the State's interpretation of *Dalton.* From the Eighth Circuit's opinion it would appear that the district court determined that plaintiffs were entitled to an award of attorneys' fees *and* quantified the award of fees both in the March 30, 1982, order. Therefore, there was no need for the Eighth Circuit to specifically address and determine if post-judgment interest began to accrue on the date the court determined plaintiffs were entitled to an award of attorneys' fees or the date the attorneys' fees award was quantified. In addition, the Court notes that in *Dalton* the Eighth Circuit approvingly cited *Copper Liquor* as authority. *Id.* at 1234.

The State also cites *Griffin v. Ozark County, Missouri,* 688 F.Supp. 1372 (W.D. Mo.1988). In *Griffin,* the court entered an

order on December 8, 1987, in favor of plaintiff in the amount of $500 plus attorneys' fees. *Id.* at 1372. On June 1, 1988, the court entered an order quantifying the attorneys' fees award. *Id.* at 1377. The court cited *Dalton* in awarding plaintiff interest on attorneys' fees from the date of the order quantifying the attorneys' fees award. However, based upon the discussion of *Dalton* previously in this order, it appears that the *Griffin* court's reliance on *Dalton* is misplaced. In addition, the Court notes that the *Griffin* court did not specifically address the issue raised by the current motion.

The remaining cases cited by the State or disclosed through the Court's research are not dispositive on the issue of when post-judgment interest begins to accrue on an attorneys' fees award because the cases do not specifically address that issue and the courts in those cases both awarded attorneys' fees *and* quantified such awards on the same date. *See Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 927 (3d Cir.1985); *McCullough v. Cady,* 640 F.Supp. 1012, 1028 (E.D.Mich. 1986); *Advo System, Inc. v. Walters,* 110 F.R.D. 426, 433 (E.D.Mich.1986); *Spell v. McDaniel,* 616 F.Supp. 1069, 1115 (E.D.N.C.1985), *vacated in part on other grounds,* 824 F.2d 1380 (4th Cir.1987), *cert. denied,* 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988). In fact, the court in *Spell* cited *Dalton* when stating that "interest accrues as a matter of course from the date of entry of the judgment *awarding* fees," as opposed to quantifying fees. *Id.* (emphasis added). The court in *Advo* also stated that interest accrues "from the date of the judgment *allowing* this award." *Advo,* 110 F.R.D. at 433 (emphasis added). Although the court in *McCullough* made the correct statement that "[c]laims for attorneys' fees and costs are unliquidated until finally determined by the court and a judgment entered," the court continued by stating that "interest will be applied to the total amount of [the attorneys' fees award] from the date of the judgment *allowing* this award." *Id.* (emphasis added).

■ Therefore, the Court finds that the weight of authority favors an award of interest on plaintiffs' attorneys' fees award from February 24, 1986, the date the Court first determined that plaintiffs were entitled to an award of attorneys' fees. The State argues that even if post-judgment interest is available to plaintiffs from February 24, 1986, such an award would not be appropriate in this case because plaintiffs received both current market rates and an enhancement for delay in payment in the May 11, 1987, order quantifying plaintiffs' attorneys' fees award. Thus, the State argues that allowing plaintiffs to receive post-judgment interest from February 24, 1986, results in a windfall to plaintiffs. However, allowing plaintiffs to receive post-judgment interest from February 24, 1986, does not result in a windfall to plaintiffs. In its order of May 11, 1987, the Court determined that Benson's hourly rate would fall at the high end of a $125 to $175 per hour range. *Jenkins,* Order of May 11, 1987, at 4. The Court then considered the preclusion of other employment by Benson due to this case, the undesirability of the case and the delay in payment and found that "a reasonable hourly rate for Mr. Benson's services from 1979 through June 30, 1986, is $200.00 per hour." *Id.* at 4–5. Thus, it is clear that the enhanced hourly rate for Benson was not based solely on delay in payment, but also included the undesirability of the case and preclusion of other employment. In addition, although the Court stated that the enhanced hourly rate was for Benson's services through June 30, 1986, Benson's last time entry for litigation other than Year I monitoring and attorneys' fees litigation, which were compensated at a lower hourly rate of $125, *id.* at 8; *id.,* Order of July 14, 1987, at 2, was on September 3, 1985. Benson was the only attorney whose hourly rate was enhanced and this enhancement was for services rendered prior to September 3, 1985. This fact, combined with the Court's statement that "a reasonably hourly rate for Mr. Benson's services from 1979 through June 30, 1986, is $200.00 per hour," *id.,* Order of May 11, 1987, at 4–5, indicates that the May 11, 1987, order did not com-

pensate Benson at current 1987 market rates, but instead at 1986 rates. The attorneys' fees award at the 1986 rates and its enhancement was not meant to be a substitute for post-judgment interest. Therefore, the Court finds that an award of post-judgment interest on plaintiffs' attorneys' fees award is appropriate.

In the alternative, plaintiffs' motion requests the Court to award Benson $178,-859.18 in prejudgment interest. Because the Court will grant plaintiffs' motion, it is unnecessary for the Court to address the issues contained in plaintiffs' alternative motion.

For the foregoing reasons the Court will grant plaintiffs' motion for award of post-judgment interest. The United States Treasury Bill rate on February 24, 1986, was 7.71% and, therefore, plaintiffs are entitled to an award of interest on their attorneys' fees award at a rate of 7.71% from February 24, 1986. The State shall be solely liable for such interest payments. *See id.* at 14–16. The State's post-judgment interest obligation to Arthur Benson and the Legal Defense Fund shall be credited $113,379.44 and $184,124.26, respectively, for June 23, 1989, payments of post-judgment interest by the State.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for award of post-judgment interest is granted; and it is further

ORDERED that plaintiffs are awarded post-judgment interest at a rate of 7.71% from February 24, 1986, on their attorneys' fees award; and it is further

ORDERED that the State shall be solely liable for post-judgment interest payments to plaintiffs; and it is further

ORDERED that the State's post-judgment interest obligation to Arthur Benson and the Legal Defense Fund shall be credited $113,379.44 and $184,124.26, respectively, for previous post-judgment interest payments.