Kalima JENKINS, by her friend, Kamau AGYEI; Carolyn Dawson, by her next friend Richard Dawson; Tufanza A. Byrd, by her next friend, Teresa Byrd; Derek A. Dydell, by his next friend, Maurice Dydell; Terrance Cason, by his next friend, Antoria Cason; Jonathan Wiggins, by his next friend, Rosemary Jacobs Love; Kirk Allan Ward, by his next friend, Mary Ward; Robert M. Hall, by his next friend, Denise Hall; Dwayne A. Turrentine, by his next friend, Shelia Turrentine; Gregory A. Pugh, by his next friend, David Winters, on behalf of themselves and all others similarly situated; Appellees,

American Federation of
Teachers, Local 691,

v.

The STATE OF MISSOURI; Honorable John Ashcroft, Governor of the State of Missouri; Wendell Bailey, Treasurer of the State of Missouri; Missouri State Board of Education, Roseann Bentley, Dan Blackwell, Gary M. Cunningham, Roger L. Tolliver, Raymond McCallister, Jr., Susan D. Finke, Thomas R. Davis, Cynthia B. Thompson, Members of the Missouri State Board of Education, Robert E. Bartman, Commissioner of Education of the State of Missouri, Appellants,

and

School District of Kansas City, Missouri and Claude C. Perkins, Superintendent thereof.

No. 90–1534.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1990.

Decided April 29, 1991.

Bart Matanic, Jefferson City, Mo., for appellants.

Russell E. Lovell II, Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

The State of Missouri appeals from an order of the district court[1] holding that the Jenkins class is entitled to post-judgment interest on its attorneys' fees accruing from the date when the court first determined that the class was entitled to an award of attorneys' fees, rather than the date when the court quantified the fees. *Jenkins v. Missouri*, 731 F.Supp. 1437, 1440–41 (W.D.Mo.1990). The district court thus held that post-judgment interest should accrue from February 24, 1986, the date on which it determined entitlement to the fees. *Id.* at 1441. The State argues that the accrual should not begin until May 11, 1987, the date when the district court quantified the fees. We affirm the order of the district court.

This action for post-judgment interest on attorneys' fees has its origins in the 1977 lawsuit that challenged segregation in the Kansas City, Missouri, School District. Arthur A. Benson, II, entered his appearance on behalf of the plaintiffs in March 1979, and the NAACP Legal Defense Fund entered as co-counsel in March 1982. Following a three-month bench trial, the district court in September 1984 held the State defendants and the KCMSD liable for intradistrict segregation. *Jenkins v. Missouri*, 593 F.Supp. 1485, 1505–06 (W.D.Mo. 1984). In June 1985, after a two-week hearing on remedies, the district court entered judgment on the merits, ordering $87 million in capital improvements and operating programs. *Jenkins v. Missouri*, 639 F.Supp. 19, 43–44 (W.D.Mo.1985), *aff'd as modified*, 807 F.2d 657, 662 (8th Cir.1986) (en banc), *cert. denied*, 484 U.S. 816, 108 S.Ct. 70, 98 L.Ed.2d 34 (1987).

On February 5, 1986, the Jenkins class filed application for attorneys' fees under The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1988). On February 24, 1986, the district court found that "[c]learly under the law, counsel for plaintiffs are entitled to an award of attorney's fees" and ordered the State to make an immediate partial payment of $200,000 to Benson. *Jenkins v. Missouri*, No. 77–0420–CV–W–4, slip op. at 1–2 (W.D.Mo. Feb. 24, 1986). The State did not appeal this award, and it made three payments, totalling $347,332.93, to Benson during the litigation of the fees dispute in district court. In May and July of 1987, the district court entered two separate orders directing the State to pay Benson a total additional amount of $1,381,897.44 in attorneys' fees and expenses. *Jenkins v. Missouri*, No. 77–0420–CV–W–4, slip op. at 16 (W.D.Mo. May 11, 1987); *Jenkins v. Missouri*, No. 77–0420–CV–W–4, slip op. at 2–3 (W.D.Mo. July 16, 1987). It also awarded the Legal Defense Fund $2,365,875.74 in fees and expenses. *Jenkins*, slip op. at 16

---

1. The Honorable RUSSELL G. CLARK, United States District Judge for the Western District of Missouri.

(May 11, 1987). This court and the Supreme Court affirmed the district court's orders. *Jenkins v. Missouri*, 838 F.2d 260, 268 (8th Cir.1988), *aff'd*, 491 U.S. 274, 109 S.Ct. 2463, 2472, 105 L.Ed.2d 229 (1989).

In December 1989, the Jenkins class filed a motion for post-judgment interest. The district court found that Benson and the Legal Defense Fund were entitled to such interest from February 24, 1986, the date when it had first determined that the class was entitled to attorneys' fees, rather than from May 11, 1987, the date when the court had quantified the fees. *Jenkins*, 731 F.Supp. at 1438–40. The district court also held that interest should accrue at a rate of 7.71 percent, the U.S. Treasury Bill rate on February 24, 1986. *Id.* at 1441. *See also* 28 U.S.C. § 1961(a) (1988) (prescribing application of Treasury Bill rate).

The parties here agree that the Jenkins class is entitled to post-judgment interest on its attorney fee award under 28 U.S.C. § 1961(a), which states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest *shall be calculated from the date of the entry of the judgment,* at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

(Emphasis added).

The phrase "any money judgment" in section 1961(a) is construed as including a judgment awarding attorneys' fees. *R.W.T. v. Dalton*, 712 F.2d 1225, 1234 (8th Cir.), *cert. denied*, 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Spain v. Mountanos*, 690 F.2d 742, 747–48 (9th Cir.1982). In *Dalton*, this court held that post-judgment interest on attorneys' fees was mandatory under section 1961(a) and that denial of such interest constituted reversible error. 712 F.2d at 1234–35.

With the entitlement to post-judgment interest clear, the parties' disagreement is confined to the meaning of the phrase "shall be calculated from the date of the

entry of the judgment." The State contends that the proper construction of this language establishes that the relevant date is when the fee award is quantified or "liquidated." The Jenkins class contends that the relevant date is when the prevailing party becomes unconditionally entitled to fees, either because of a statutory right or because the court in its discretion has determined the party is entitled to attorneys' fees.

The district court concluded that all of the relevant authority supported the plaintiffs' position. 731 F.Supp. at 1438–40. After the district court issued its opinion, however, the Seventh Circuit decided *Fleming v. County of Kane*, 898 F.2d 553, 565 (7th Cir.1990), which awarded the plaintiff post-judgment interest on his attorneys' fees from the date the fees were quantified. *Id.* at 565. The *Fleming* court did not explain why it selected the date of fee quantification rather than the date of fee entitlement, and it is not clear whether the parties presented this issue. *Fleming* reversed the district court's ruling that had awarded pre-judgment interest on the attorney's fees. The *Fleming* court explained: "Prior to the date the judgment on attorney's fees was entered, plaintiff's attorneys' claim for unpaid attorney's fees was unliquidated and, as such, not entitled to interest." *Id.* The court then concluded that the "award of attorney's fees was entered" on the date the fees were quantified. *Id.*

The *Fleming* result runs counter to the holdings of the Fifth Circuit in *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir.1983) (per curiam), and the Federal Circuit in *Mathis v. Spears*, 857 F.2d 749, 760 (Fed.Cir.1988). The *Copper Liquor* court prescribed a two-part test to determine when attorneys' fees should begin to accrue interest:

> If a judgment is rendered that does not mention the right to attorneys' fees, and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of judgment. If, however, judgment is rendered without mention of attorneys' fees,

and the allowance of fees is within the discretion of the court, interest will accrue only from the date the court recognizes the right to such fees in a judgment.

*Id.* at 545. Under either part of the *Copper Liquor* test, interest accrues from the date that the party becomes unconditionally entitled to fees, even if those fees are not yet quantified. *Id.* The *Mathis* court followed *Copper Liquor*, stating that "[i]nterest on an attorney fee award ... runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum." 857 F.2d at 760. The Jenkins class contends that under *Copper Liquor* and *Mathis,* post-judgment interest should accrue from a date no later than February 24, 1986.[2]

The State argues that there is no need to apply *Copper Liquor* or *Mathis* because an Eighth Circuit case, *Dalton,* holds that post-judgment interest does not begin to accrue until the date when the fees are quantified.[3] In *Dalton,* the district court granted summary judgment in favor of the plaintiffs on October 14, 1980. 712 F.2d at 1228. On March 30, 1982, it entered a final judgment awarding costs and fees to the plaintiffs. *Id.* Following the district court's denial of post-judgment interest on the attorneys' fees, this court reversed and held that post-judgment interest should accrue from the March 30, 1982, award of fees. *Id.* at 1234–35.

The State argues that *Dalton* stands for the proposition that post-judgment interest does not begin to accrue until the date when fees are quantified. We reject such a reading of *Dalton,* as did the district court. *Jenkins,* 731 F.Supp. at 1439. *Dalton,* simply did not address the issue presented here. In *Dalton,* the district court apparently established the plaintiffs' right to fees on the same date as it quantified the fees. *Id.* The court therefore had no need to address the issue before us.

After considering the purposes underlying the award of post-judgment interest, we are convinced that *Copper Liquor* and *Mathis* establish the proper rule. In *Dalton,* we recognized the purposes that are furthered by the awarding of post-judgment interest on attorneys' fees:

> [A denial of post-judgment interest] would effectively reduce the judgment for attorneys' fees and costs, because a certain sum of money paid at a certain time in the future is worth less than the same sum of money paid today. Failing to allow awards of attorneys' fees to bear interest would give parties against whom such awards have been entered an artificial and undesirable incentive to appeal or otherwise delay payment.

*Dalton,* 712 F.2d at 1234–35. *See also Mathis,* 857 F.2d at 760 ("The provision for calculating interest from entry of judgment deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor"). The award of interest also serves the make-whole objective of fee awards in civil rights cases. *Gates v. Collier,* 616 F.2d 1268, 1275–76 (5th Cir. 1980). *See generally* S.Rep. 94–1011, 94th Cong., 2d Sess. 2–5, *reprinted in* 1976 U.S. Code Cong. & Admin. News 5908, 5909–13 (discussing purposes of Civil Rights Attorney's Fees Award Act of 1976). We also

---

**2.** Although the Jenkins class sought and was awarded post-judgment interest from February 24, 1986, the class maintains that under the first prong of *Copper Liquor* it is entitled to interest accruing from the June 14, 1985, judgment on the merits. *See Jenkins v. Missouri,* 639 F.Supp. 19 (W.D.Mo.1985), *aff'd as modified,* 807 F.2d 657 (8th Cir.1986) (en banc), *cert. denied,* 484 U.S. 816, 108 S.Ct. 70, 98 L.Ed.2d 34 (1987). As the Jenkins class does not actually seek interest accruing from the June 14, 1985, judgment, we need not decide this issue.

**3.** The State, while relying primarily on *Dalton,* also argues that support for its argument can be found in *Fleming; Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59, 64 (3d Cir.1986); *Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 927 (3d Cir.1985); *Perkins v. Standard Oil Co.,* 487 F.2d 672, 675 (9th Cir.1973); and *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* — U.S. —, 110 S.Ct. 1570, 1575–76, 108 L.Ed.2d 842 (1990). We agree that *Fleming* lends some support to the State's position, but conclude that *Sun Ship, Institutionalized Juveniles, Perkins,* and *Bonjorno* do not address the issue before us.

observe that if the accrual of post-judgment interest is delayed until fee awards are quantified and attorneys are thus not fully compensated for their successful efforts, they may be reluctant to take on complex and expensive litigation.

The State argues that until the fee award is liquidated, the party responsible for payment has no way to satisfy its obligation, and thus, no interest should accrue. We are not persuaded by this argument. The fee-paying party suffers no prejudice from any delay in quantifying the award because it has the use of the money in the interim and because the statutory interest rate is tied to the U.S. Treasury Bill rate. *See* 28 U.S.C. § 1961(a).

Several of the district courts that have considered the issue of when post-judgment interest begins to accrue on attorneys' fees have applied the same approach used in *Copper Liquor* and *Mathis*. *See, e.g., Water Technologies Corp. v. Calco Ltd.*, 714 F.Supp. 899, 910 (N.D.Ill.1989); *Procter & Gamble Co. v. Weyerhaeuser Co.*, 711 F.Supp. 904, 908 (N.D.Ill.1989); *Williamsburg Fair Hous. Comm. v. Ross–Rodney Hous. Corp.*, 599 F.Supp. 509, 522–23 (S.D. N.Y.1984); *Burston v. Commonwealth of Virginia*, 595 F.Supp. 644, 652 (E.D.Va. 1984). *But see Griffin v. Ozark County*, 688 F.Supp. 1372, 1377 (W.D.Mo.1988) (post-judgment interest on attorneys' fees accrues from date of judgment quantifying fees); *McCullough v. Cady*, 640 F.Supp. 1012, 1028 (E.D.Mich.1986) (dictum suggesting that post-judgment interest properly accrues from date of judgment quantifying attorneys' fees because the fee claim is unliquidated before that date).

Applying the second part of the *Copper Liquor* standard,[4] which states that interest will accrue from "the date the court recognizes the right to such fees in a judgment," we conclude that the Jenkins class is entitled to post-judgment interest on its attorneys' fees accruing from the February 24, 1986, order declaring the class's entitlement to those fees.

For the foregoing reasons, we affirm the judgment of the district court.

LAY, Chief Judge, concurring.

I concur in the award of post-judgment interest on the attorney's fees beginning on February 24, 1986. I must, however, disagree with the studied effort used by the majority in recognizing that award. The majority opinion relies on *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir.1983) (en banc) (per curiam). This case is not germane to our discussion and does not address the issue at hand. In *Copper Liquor*, the Fifth Circuit discussed an attorney's fee award under the Sherman Act, 15 U.S.C. § 1 (1988) and the Clayton Act, 15 U.S.C. § 15 (1988). Under the antitrust laws the attorney's fee award was recognized as a matter of right under the applicable statutes. The interest on the award accrued from the date of the judgment because the prevailing party was unconditionally entitled to such fees by statute, even if the judgment did not mention the right to attorney's fees. *See Copper Liquor*, 701 F.2d at 545. In the present case, we are dealing with an award of attorney's fees under the Civil Rights Act, 42 U.S.C. § 1988 (1988). Under section 1988 attorney's fees are awarded, not as a matter of right, but as a matter of discretion by the trial court. *Id.;* see *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 454, 102 S.Ct. 1162, 1167–68, 71 L.Ed.2d 325 (1982). The prevailing party is not entitled to post-judgment interest on an award for attorney's fees unless the court specifically enters such a judgment.

This case is relatively simple. The statutory provision governing post-judgment interest is found in 28 U.S.C. § 1961(a) (1988), which states in part that "[s]uch interest shall be calculated from the date of the entry of the judgment." In determining when the judgment is entered on an award of attorney's fees, Rule 58 of the Federal Rules of Civil Procedure provides in part that "[e]very judgment shall be set forth on a separate document. A judgment

---

4. As the Jenkins class has not sought post-judgment interest accruing from the June 1985 judg-

ment on the merits, *see* footnote 2, we apply the second part of the *Copper Liquor* test.

is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 58. In the present case, the district court, on February 24, 1986, awarded a judgment under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1988). At that time the district court ordered that " 'counsel for plaintiffs are entitled to an award of attorney's fees' and ordered the state to make an immediate partial payment" of $200,000 to attorney Arthur Benson. *Jenkins v. Missouri,* No. 77-0420-CV-W-4, slip op. at 1-2 (W.D.Mo. Feb. 26, 1986). This clearly constituted a final judgment under Rule 58.

Post-judgment interest on the final judgment began to run on the total judgment from the date of the judgment awarding the attorney's fees. The fact that the February 24 judgment contained only a partial sum for attorney's fees is immaterial. The total sum is readily ascertainable by mathematical computation or other recognized standards.[1] We need only look to Rule 58 and section 1961 to ascertain the date from which the post-judgment interest should run.[2]

---

**1.** As the Supreme Court has indicated, in an award for attorney's fees under section 1988, there can be several final judgments. *White,* 455 U.S. at 453, 102 S.Ct. at 1167.

**2.** As pointed out in the majority opinion, the state urges that we should follow the Seventh Circuit decision in *Fleming v. County of Kane,* 898 F.2d 553 (7th Cir.1990). In *Fleming,* the Seventh Circuit acknowledged that the final judgment did not occur until June 24, 1988. *Id.* at 565. Although the court recited that the district court had rendered a memorandum opinion and order on April 12, 1988, and a

minute order on June 23, 1988, I submit the only reasonable conclusion is that the earlier opinions of the district court were not final judgments under Rule 58. Under the circumstances, the decision in *Fleming* is not supportive of any argument to the contrary. As the Supreme Court has observed, "it may be unclear even to counsel which orders are and which are not 'final judgments.' " *White,* 455 U.S. at 453, 102 S.Ct. at 1167. The purpose of Rule 58 was to obviate that confusion. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 386, 98 S.Ct. 1117, 1120-21, 55 L.Ed.2d 357 (1978).